**FLORIDA MOTOR LINES CORPORATION, a Florida Corporation, v. FORREST F. SHONTZ.**

32 So. (2nd) 248
October 14, 1947

June Term, 1947
Division A

*W. F. Finch, Keen & O'Kelley* and *Charles Spitz,* for appellant.

*Hal S. Ives,* for appellee.

CHAPMAN, J.:

This is a negligence suit originating in the Circuit Court of Palm Beach County resulting in a verdict and judgment for the plaintiff below in the sum of $5,000.00. A motion for a new trial was seasonably made and presented and it was by the trial court denied, when the defendant appealed and in its brief poses here four questions or reasons for a reversal. One of these questions is that the declaration of the plaintiff is fatally defective in that it fails to allege that the injuries of the plaintiff were the proximate cause of the defendant's negligence. The court below sustained the declaration against a demurrer of the defendant below. We fail to find merit in the contention.

Counsel for appellant contends that the verdict and judgment in the sum of $5,000.00 entered for plaintiff below is not only excessive but is not sustained by the testimony. Plaintiff's automobile appears from the record to have been completely destroyed and was sold as junk for the sum of $35.00. The automobile, radio and heater were valued at $700.00.

The hospital and doctor bills were around $70.00. He worked each night and earned $30.00 per week and it is shown that he operated a filling station for the Standard Oil Company during the day and made $80.00 per week. He was injured on July 22, 1945, and was not physically able to work until December 18, 1945, a period of about twenty-one weeks. He was forced to give up the filling station and his night work because his injuries prevented him from working.

His loss of earnings of $110.00 per week for twenty-one weeks amounted to $2,310.00. The automobile and hospital and doctor bills of $700.00 brought his actual losses to approximately $3,010.00. The remaining sum of $2,000.00 for pain and suffering for some 21 weeks, it is contended, is not supported by the record nor the authorities. It is shown that the plaintiff for a period of six weeks after July 22, 1945, had his shoulder anchored to his body in a stationary position by adhesive tape through the hot weather of July, August and a part of September. He was unable to sleep and sleeping pills were prescribed and taken by him. He lost considerable weight during the period. His pain and suffering were continuous from date of injury until he returned to work.

We have held that when the law furnishes no legal rule of measurement save the discretion of a jury on the evidence before it, courts will not disturb the verdict upon the grounds of excessive damages unless it is so flagrantly improper as to evince passion, prejudice, partiality or corruption of the jury. Warner v. Ware, 136 Fla. 466, 182 So. 605.

We fail to find error in the record.

Affirmed.

THOMAS, C. J., TERRELL and SEBRING, JJ., concur.