140 So.2d 880 (1962)
FLORIDA EAST COAST RAILWAY COMPANY, a Florida Corporation, Appellant,
v.
Virgie STEWART, As Widow and As Personal Representative of Monroe Stewart, Deceased; and Sinclair Refining Company, a Foreign Corporation, Appellees.
SINCLAIR REFINING COMPANY, a Foreign Corporation, Appellant,
v.
Virgie STEWART, As Widow and As Personal Representative of Monroe Stewart, Deceased; and Florida East Coast Railway Company, a Florida Corporation, Appellees.
Nos. 61-456, 61-514.
District Court of Appeal of Florida. Third District.
May 8, 1962.
Rehearing Denied May 28, 1962.
Bolles & Prunty, Miami, for Florida East Coast Ry. Co.
Ross, Reinhardt & Preddy, Miami, and Mathews, Osborne & Ehrlich, Jacksonville, for Sinclair Refining Co.
Frates & Fay and Kenneth L. Ryskamp, Miami, for appellee Virgie Stewart.
Before PEARSON, TILLMAN, C.J., and CARROLL and HENDRY, JJ.
HENDRY, Judge.
The above-styled appeals have been consolidated for purposes of oral argument and this opinion shall be determinative of both such appeals.
Plaintiff below, Virgie Stewart, brought an action against the Florida East Coast Railway Company, hereinafter called Railroad and Sinclair Refining Company, hereinafter called Sinclair. The complaint sets forth, inter alia, that the plaintiff's husband, Monroe Stewart, an employee of Railroad, was killed as a result of the negligence of the defendants which resulted in a railroad crossing accident, in the City of Jacksonville, between a moving train of the defendant, Railroad and a truck owned by the *881 defendant, Sinclair. In the main, the complaint asserts three separate claims for relief. First, the plaintiff, as personal representative of the deceased, Monroe Stewart, was entitled to compensatory and exemplary damages against the defendant, Sinclair, and the defendant, Railroad, for severe burns received in the accident which burns resulted in great physical and mental pain and caused expenditures for hospital and medical attention. The aforesaid claim was brought under the Florida Survival Statute, i.e., § 45.11,[1] Fla. Stat., F.S.A. The second claim is predicated on the wrongful death statute, i.e., §§ 768.01, 768.02, Fla. Stat., F.S.A. The plaintiff claims hereunder that the defendants are liable for the loss of her husband's future earnings and services, consortium, etc. Plaintiff's third claim is for damages under what is commonly called the Federal Employers' Liability Act, i.e., §§ 51-60, Title 45 U.S.C.A., for the railroad's alleged failure to comply with certain of the provisions therein.
The defendants by their separate answers, denied all allegations of negligence and affirmatively alleged that the accident was caused by the negligence of either the other defendant, the deceased or both of them.
The causes were tried before a jury which returned three separate verdicts.[2] Judgment was thereafter entered.
The defendants by their separate appeals from the amended judgment, have assigned numerous errors relative to the jury's determination of their liability to the plaintiff as well as the correctness of the trial court's ruling during the trial and its orders denying the defendants' post-trial motions.
We have carefully considered the oral arguments, briefs and the entire record, and we have concluded that the points raised by the defendants, and the assignments of error upon which they are based are without merit and that the appellants have not carried their burden to demonstrate harmful error. Bartholf v. Baker, Fla. 1954, 71 So.2d 480.
The only point which we feel needs any discussion in this opinion is the one that is directed to the propriety of the amount *882 of the verdict under the survival statute and the trial court's denial of the post-trial motions for a new trial, or, in the alternative, for entry of a remittitur. The defendants, by their motions assailed inter alia, the jury award of $100,000 to the plaintiff, as personal representative of the estate, pursuant to the Florida Survival Statute, supra, on grounds that the verdict was contrary to the law and the evidence and that such verdict was so excessive as to shock the court's judicial conscience or to indicate that the jury was influenced by passion, prejudice or emotion.
We shall not attempt to discuss all of the evidence bearing upon this tragic accident in which the decedent, Monroe Stewart, lost his life. In brief, the record shows that on June 10, 1960, while the decedent, Monroe Stewart, was engaged in his regular employment with the railroad and while riding on the railroad's deisel engine it collided with a gasoline trailer-truck of Sinclair. There was an explosive fire from the gasoline being hauled by Sinclair which burned the decedent so severely that he required continuous hospital care from the time of the accident to the date of his death on June 18, eight days later. The burns covered approximately ninety per cent of his body. He remained conscious during the first six days after his injuries, and he was apparently aware from the first day after the accident that his injuries would be fatal. During the eight days following his injuries he was given morphine and other drugs for the relief of pain. The burns were so severe that the nerve endings in parts of his body were destroyed. The doctor stated that he presumed he had no feeling in those areas wherein the nerve endings were destroyed. At the time of the death of the decedent, Monroe Stewart, he was forty-three years of age and in good health. He left surviving him, his wife and a four year old child.
Evidence as to the nature and extent of the injuries, treatment and physical and mental pain and suffering was fully presented during the trial. It was from such evidence that the jury was asked to determine the damages to which plaintiff was entitled to recover for the physical and mental suffering of her deceased husband.
The defendants-appellants contend that since $99,500 of the $100,000 verdict against them was for conscious pain and suffering for an eight day period, the verdict is so grossly excessive as to shock the judicial conscience of the court or to indicate that the jury ignored the evidence and took into consideration improper evidence and improper elements of damage, or arrived at the amount of damages by speculation and conjecture, or was influenced by passion, prejudice, emotion, or other motive outside the evidence so as to require the granting of a new trial or the entry of a remittitur.
The appellee urges that the verdict be allowed to stand as it is fully supported by the evidence and was fairly and impartially reached by the jury.
The function of determining the amount of a verdict in a personal injury case has been preserved to the jury and where, as in this case, the trial court has allowed the verdict to stand upon a motion for a new trial or a remittitur, based upon the claimed excessiveness of a verdict, appellate courts are not prone to interfere, unless the verdict is so excessive as to shock the judicial conscience or to indicate that the jury has been unduly influenced by passion, prejudice, corruption or other improper motive. Albert v. Miami Transit Co., 154 Fla. 186, 17 So.2d 89. Absent such a showing the amount of the damages to be awarded rests solely in the sound discretion of the jury. S.A. Freel Distributing Co. v. Lenox, 147 Fla. 550, 3 So.2d 157.
Our Supreme Court said in Little River Bank and Trust Company v. Magoffin, Fla. 1958, 100 So.2d 626: "It has long been the settled rule in this jurisdiction that damages in a personal injury action are for the discretion of a jury. Unless `clearly arbitrary', *883 Sproule v. Nelson, Fla. 1955, 81 So.2d 478, [76 A.L.R.2d 1066,] or `so excessive as to indicate that the jury was influenced by passion, prejudice, corruption, or other improper motive,' Upton v. Hutchison, Fla. 1950, 46 So.2d 20, 21, or `so much greater than it should have been as to shock the judicial conscience,' Bartholf v. Baker, Fla. 1954, 71 So.2d 480, 484, the amount awarded by the jury will not be disturbed on appeal. The burden is on the appellant to establish the fact that the verdict is wholly unsupported by the evidence or was the result of passion, prejudice or other improper motive. Bartholf v. Baker, supra."
In the case of Jacksonville Terminal Company v. Misak, Fla. 1958, 102 So.2d 295, our Supreme Court stated that "we are confronted by the contention that the amount of the verdict is so shockingly excessive as to justify the award of a new trial on the theory that the jury must have been persuaded by passion and sympathy rather than by the evidence submitted. * * * Appellant has referred to analagous cases involving similar injuries where the amounts of the verdicts have been substantially lower. We are willing to concede that the amount awarded in the instant case appears to us as individuals to be high. However, at the judicial appellate level we are not in a position to conclude as a matter of law that the amount of this verdict is so shockingly excessive as to justify our intrusion on the jury function and require a new trial. In addition we must accord due respect to the judgment of an experienced trial judge who heard the case, considered the matter of excessiveness on the motion for a new trial and declined to exercise his judicial discretion to disturb the verdict. Under all of the circumstances we cannot conclude that the amount of the verdict is so grossly excessive as to justify judicial interference."
We find nothing in the record to support the defendants' contention that the jury in awarding $100,000 on the claim under the survival statute acted out of sympathy, passion, prejudice or emotion or any other improper motive. Neither can we say that it is without foundation in the record or shockingly excessive as a matter of law. Shearn v. Orlando Funeral Home, Fla. 1955, 82 So.2d 866.
No reversible error having been shown by the denial of any post-trial motions or by any of the other assignments of error, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] Section 45.11 reads as follows:

"Actions; surviving death of party.
"No action for personal injuries and no other action shall die with the person, and all actions shall survive and may be instituted, maintained, prosecuted and defended in the name of the personal representative of the deceased, or in the name of such other person as may be provided by law."
[2] The amended final judgment reads in part as follows:

"THE ABOVE CAUSE having come on for trial before the Honorable Harold R. Vann, one of the Judges of the above styled Court, and a Jury of six true and lawful men, who, having been duly sworn according to law and having heard the evidence, the argument of counsel and the charges of the Court, and having retired to consider their Verdict, returned in open Court the following Verdicts:
"WE, the Jury, find in favor of the Plaintiff, VIRGIE STEWART, as Personal Representative of the Estate, under the Federal Employees' [sic] Liability Act, against the Defendant, FLORIDA EAST COAST RAILWAY COMPANY, and assess her damages in the total amount of Fifty Thousand ($50,000.00) Dollars, to be apportioned as follows:
"Mrs. Stewart  $25,000.00 Dollars.
"Melissa Stewart  $25,000.00 Dollars.
"So Say We All.
* * * * *
"WE, the Jury, find in favor of the Plaintiff, VIRGIE STEWART, a widow, under the Florida Wrongful Death Statute, against the Defendant, SINCLAIR REFINING COMPANY, and assess her damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) Dollars.
"So Say We All.
* * * * *
"WE, the Jury, find in favor of the Plaintiff, VIRGIE STEWART, as Personal Representative of the Estate under the Survival Statute, against the Defendants, FLORIDA EAST COAST RAILWAY COMPANY and SINCLAIR REFINING COMPANY, and assess her damages in the amount of One Hundred Thousand Dollars ($100,000.00) Dollars.
"So Say We All."