169 So.2d 849 (1964)
HOLLAND PAVING CO., Inc., a Florida corporation, Appellant,
v.
James A. DANN, individually, and James A. Dann, as the Administrator of the Estate of James Arthur Dann, Jr., Deceased, et al., Appellees.
James A. DANN, individually, and James A. Dann, As the Administrator of the Estate of James Arthur Dann, Jr., Deceased, Appellant,
v.
HOLLAND PAVING CO., Inc., a Florida corporation, Hill's Van Service, Inc., a Florida corporation, and Fogarty Bros. Transfer, Inc., a Florida corporation, Appellees.
Nos. 64-192, 64-215.
District Court of Appeal of Florida. Third District.
November 24, 1964.
Rehearing Denied January 6, 1965.
I. Stanley Levine and Fred Patrox, Miami, for Holland Paving Co.
Wesley A. Fink, Daytona Beach, for Dann.
Dean, Adams & Fischer, Miami, for Hill's Van and Fogarty Bros.
Before BARKDULL, C.J., and CARROLL and TILLMAN PEARSON, JJ.
*850 PER CURIAM.
These appeals grow out of the same trial. The plaintiff was James A. Dann, individually, and as administrator of the estate of his infant son, James Arthur Dann, Jr., deceased. The child was killed as a result of a rear-end collision between an automobile and a tractor-trailer truck on a heavily traveled highway. The defendants were as follows: (1) Holland Paving Co., Inc., who was working upon a part of the highway and charged with negligence for failure to provide adequate warning to oncoming motorist of the reduction of the northbound side of the highway from two to one lane; (2) Hill's Van Service, Inc., the owner of the truck, and (3) Fogarty Bros. Transfer, Inc., the lessee of the truck, which struck the car in which plaintiff's deceased child was a passenger.
The jury trial resulted in a verdict for the plaintiff father, individually, in the amount of $50,000 against Holland Paving Co., Inc. and a verdict of $10,000 for the plaintiff, as administrator of the estate of his deceased child against the same defendant. The jury returned not guilty verdicts as to Hill's Van Service, Inc. and Fogarty Bros. Transfer, Inc. Subsequent to the recording of the verdicts, the trial judge entered an order granting a new trial to the defendant, Holland Paving Co., Inc., as to the verdict in favor of the plaintiff, as administrator of the estate of his deceased child. This order set out the following grounds for the granting of the new trial:
"(a) The amount of the verdict is excessive; (b) The amount of the verdict is such as to shock the conscience of the Court; and, (c) The amount of the verdict is not supported by the weight of the evidence."
Upon the entry of the judgments indicated, an appeal was taken by the defendant, Holland Paving Co., Inc., from the $50,000 judgment; a cross-appeal was taken by the plaintiff, as administrator, which was directed to the order granting a new trial, and an appeal was taken by the plaintiff from the judgments in favor of the defendants, Hill's Van Service, Inc. and Fogarty Bros. Transfer, Inc.
Upon the appeal of Holland Paving Company, Inc., it is urged that the trial court erred in failing to direct a verdict for the paving company because the evidence before the jury entirely failed to establish that its negligence was the proximate cause of the collision. We find upon a review of the record that this contention cannot be sustained by reason of the rule stated in Wynne v. Adside, Fla.App. 1964, 163 So.2d 760.
The cross-appeal of the plaintiff, as administrator of the estate of his deceased child, urges that the order granting a new trial is error because the conclusion of the trial judge that the evidence before the jury did not support the amount of the verdict was clearly erroneous and an abuse of discretion.
We hold that the order granting a new trial must be reversed. Awarding a new trial in this instance would merely allow another jury to pass upon the question of the amount of damages. No further evidence can be adduced by the plaintiff, nor does the record support the ground that the amount awarded was so excessive as to shock the conscience of the court. Rosenfelder v. Huttoe, Fla. 1953, 66 So.2d 226.
The appeal of the plaintiff urges that the trial court erred in denying plaintiff's motion for a directed verdict as to the owner and lessee of the truck since these defendants failed to rebut the presumption of negligence arising by reason of the rear-end collision. See: Greyhound Corp. v. Ford, Fla.App. 1963, 157 So.2d 427. In order to sustain appellants' position on this appeal, it would be necessary for us to hold that a jury of reasonable men had to find upon this record that a negligent *851 action of the driver of the truck did contribute directly to the injury. This we decline to do since it is not the function of this Court to substitute its judgment or interpretation of the facts for that of the jury. Food Fair Stores of Fla., Inc. v. Vallarelli, Fla.App. 1958, 101 So.2d 161. We find that there is evidence in the record which would support a finding that if the driver of the truck was negligent, such negligence did not constitute a concurring cause of the accident but that the accident was proximately caused by the sudden slowing of the lead automobile caused by the negligence of the defendant paving company in failing to provide adequate warning of an obstruction to the highway.
The judgments appealed are affirmed and the order granting new trial is reversed.