213 So.2d 278 (1968)
ATLAS PROPERTIES, INC., a Florida Corporation, Appellant,
v.
John V. DIDICH, As Administrator of the Estate of Kay Didich, a Minor, Deceased, Appellee.
No. 67-973.
District Court of Appeal of Florida. Third District.
August 6, 1968.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and Reginald L. Williams, Miami, for appellant.
*279 Stephens, Demos & Magill, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
The defendant, Atlas Properties, Inc., appeals from a final judgment based on a jury verdict. The appellee, John V. Didich, is the father of Kay Didich, a 13 year old girl, who was drowned in appellant's swimming pool when her arm was caught in the uncovered filter drain pipe at the bottom of the pool. The cover of the filter drain pipe had been removed from the pool for repair. The appellee sued in two capacities: (1) as parent for compensatory damages for the wrongful death; (2) as administrator of the estate of Kay Didich under the survival act for compensatory and punitive damages. Upon a trial of the action, the jury returned a verdict for the appellee: (1) as parent under the wrongful death statute in the amount of $20,000; (2) as administrator under the survival act in the amount of $20,000 compensatory damages and $35,000 punitive damages.
Atlas does not appeal from the judgment awarding $20,000 in compensatory damages for the wrongful death to the appellee as parent. Atlas does appeal from the judgment for the appellee as administrator. The appellant presents four points: (1) punitive damages of $35,000 are so excessive as to constitute an unconstitutional taking of property; (2) punitive damages are not recoverable under the Florida Survival Act, § 45.11, Fla. Stat. (1965), F.S.A.; (3) the evidence was insufficient to sustain liability for punitive damages; and (4) compensatory damages of $20,000 are excessive.
Appellant's first point is based upon its argument that an auditor's statement introduced into evidence showed the net worth of the corporation to be only $5,630.56. We have examined the evidence in this case and are of the opinion that the jury was justified in believing the auditor's statement amounted to a mere bookkeeping entry. The evidence revealed that the appellant corporation owned 59 rental apartment units and $32,000 worth of unimproved land and had an equity of $100,000 in two apartment buildings. The auditor derived the net worth figure he testified to by entering against the assets of the corporation, among other things, long term liabilities, mortgages amounting to $273,012.87. The same statement showed that current obligations on these mortgages amounted to only $9513.65. In addition, the auditor's statement showed as a liability a stockholder's equity of $25,000 in the capital stock of the appellant corporation. Appellant's position that it should be granted a new trial because the punitive damages were so excessive as to shock the conscience of the court is not well taken.
Appellant's second point requires a more extended examination. We shall consider it after we consider the remaining two points.
Appellant does not demonstrate that the evidence was insufficient to support the award of punitive damages. Upon examining the evidence in the light most favorable to the appellee, as we must upon a challenge of the sufficiency of evidence to support a jury verdict (see Clark v. Wilder, Fla.App. 1966, 192 So.2d 32), we are of the opinion that there was sufficient evidence for the jury to have found that: (1) it was a violation of law for the appellant to operate the subject pool without having a qualified operator in charge; (2) it was a violation of law for the appellant to operate the subject pool without a securely fixed cover over the main drain; (3) the appellant had been repeatedly warned of the dangers incident to the absence of a cover over the main drain; (4) the appellant chose to save money rather than correct the known dangerous condition; (5) the appellant failed to warn its tenants, minors and adults, of the dangerous condition. In addition the jury could *280 have found under the evidence that appellant's disregard of the rights of its minor tenants resulted in the lingering and extremely horrible death of Kay Didich. We conclude that there was sufficient evidence to support the jury's award of punitive damages. See Griffith v. Shamrock Village, Fla. 1957, 94 So.2d 854; Doral Country Club, Inc. v. Lindgren Plumbing Co., Fla.App. 1965, 175 So.2d 570.
Appellant's fourth point concerns the sufficiency of the evidence to support the award of compensatory damages. The amount of damages in an action for wrongful death are for the discretion of the jury, and if the verdict finds support in the evidence and is not so excessive as to shock the conscience of the court the judgment entered upon the verdict should be affirmed. See Little River Bank and Trust Company v. Magoffin, Fla. 1958, 100 So.2d 626, 627. The verdict awarding compensatory damages to the appellee as administrator does find support in the evidence. We also think that the amount has not been demonstrated to be excessive in view of the holdings in Holland Paving Co. v. Dann, Fla.App. 1964, 169 So.2d 849, and Florida East Coast Railway Company v. Stewart, Fla.App. 1962, 140 So.2d 880; therefore we shall not disturb the judgment entered upon the verdict in the case before us.
We return to a consideration of appellant's point two, which we think is the most substantial issue presented upon this appeal. Appellant points out that under English common law, no action for tort survived either the injured party or the tort-feasor; therefore, the survival statute, § 45.11 Fla. Stat.(1965), F.S.A., is in derogation of the common law and should be construed strictly. Appellant urges that if this statute is construed strictly, punitive damages may not be recovered under its authority.
The Supreme Court of Florida in Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 So. 780 (1931), held that while at English common law no tort action survived the death of the defendant, an action for compensatory damages for personal injuries would survive the death of defendant in 1931 because of the survival statute then in effect.
"Suits for Personal Injuries.  All actions for personal injuries shall die with the person, to wit: Assault and battery, slander, false imprisonment, and malicious prosecution; all other actions shall and may be maintained in the name of the representatives of the deceased." Comp.Gen.Laws 1927, § 4211.
The Court reasoned that the English common law rule which would have barred the action never became part of Florida common law because at English common law a tort action was punitive rather than remedial, while the whole system of Florida law recognizes a tort action is remedial rather than punitive. Admittedly, if we follow this reasoning we must hold that under the 1965 survival statute:
"45.11 Actions; surviving death of party.  No action for personal injuries and no other action shall die with the person, and all actions shall survive and may be instituted, maintained, prosecuted and defended in the name of the personal representative of the deceased, or in the name of such other person as may be provided by law."
punitive damages do not survive the death of the injured party.
Nevertheless, we are impelled to believe the clear meaning of the foregoing statute to be that all actions including those which contain a demand for punitive damages should survive the death of either party to the action. We believe the provisions of the statute show a clear legislative intent that the personal representative of a decedent have as great a right to maintain an action as the injured party would have had but for his death.
The following observations of Chief Judge McManus in a case similar to the *281 one before us bear greatly on the question of law we decide and are especially worthy of repetition:
"The public policy underlying exemplary damages is to punish the wrongdoer. Logic dictates that if a wrongdoer may be punished if his victim lives, then surely he should not escape retribution if his wrongful act causes a death." Leahy v. Morgan, 275 F. Supp. 424, 425 (E.D. Iowa 1967).
We therefore hold that when the law permits them to be awarded, punitive damages are recoverable under the Florida Survival Act, § 45.11 (1965) (now § 46.021, Fla. Stat. (1967), F.S.A.).
Having considered each of appellant's points and finding no reversible error, we affirm the judgment appealed.
Affirmed.