REED, Judge.
This is an appeal by the defendant Damon Hardison, and his insurer, Allstate *695 Insurance Company, from an amended final judgment entered by the Circuit Court of Brevard County, Florida, on 27 October 1969.
The plaintiff in this case, Neal Threets, as administrator of the estate of Dennis Ray Threets, filed an amended complaint against the defendants alleging that on or about 6 January 1968 the defendant Damon Hardison so negligently operated his motor vehicle that he caused the same to run into and kill Dennis Ray Threets, the plaintiff’s four-year-old son. The amended complaint alleged that the injury occasioned the decedent pain and suffering prior to his death and contained a claim for funeral expenses and loss of prospective estate. The answer denied liability and the cause went to trial before a jury.
There was no evidence produced on the claim for pain and suffering and no instruction on this claim was submitted to the jury. The only claim which the administrator presented to the jury was for funeral expenses and loss of prospective estate. The jury returned a verdict for $15,435.00. Appellee’s brief concedes that the verdict represents funeral expenses in the amount of $435.00 and $15,000.00 as the loss of the decedent’s prospective estate. The judgment appealed from was entered on the verdict.
The appellants’ first point on appeal questions the propriety of two jury instructions. We conclude that this point is without merit and does not require discussion.
The appellants’ second point questions the sufficiency of the evidence to support the jury verdict in the amount of $15,435. The facts relative to damages are summarized in appellee’s brief as follows:
“The decedent was a four year old child in perfect health. He was outgoing, extremely friendly and was responsible for small chores around the house. His parents had planned a ‘fine future’ for him, which included, among other things, a good education. His life expectancy was 65 years, 34 days.”
In the trial court the appellants raised the issue of the sufficiency of the evidence to support the jury verdict by a motion for a remittitur or in the alternative a motion for new trial.
As we have indicated, the case was presented to the jury purely as an administrator’s cause of action under F.S. 1967, section 768.02, F.S.A. Thereunder the administrator may recover the present value of the prospective earnings and savings which the evidence indicates the decedent could reasonably have been expected to have accumulated during his life expectancy after becoming of age and to have left to his heirs or beneficiaries at his death. Jacksonville Electric Co. v. Bowden, 1908, 54 Fla. 461, 45 So. 755, 757, 758; Florida East Coast Ry. Co. v. Hayes, 1914, 67 Fla. 101, 64 So. 504, 505; Ellis v. Brown, Fla.1955, 77 So.2d 845, 849. That which may be considered ■ in measuring the recovery includes evidence of age, probable duration of life, habits of industry, means, business, earnings, health, skill, and reasonable future expectations. Jacksonville Electric Co. v. Bowden and Florida East Coast Ry. Co. v. Hayes, supra.
One might legitimately question whether the evidence can ever be said to provide a reasonable estimate for evaluating the loss of prospective estate where a child dies prior to having established any earning capacity whatsoever. In several cases, however, such recoveries have been allowed even in the absence of demonstrable earning capacities. See Miami Dairy Farms, Inc. v. Tinsley, 1934, 115 Fla. 650, 155 So. 850, and Burch v. Gilbert, Fla.App.1963, 148 So.2d 289.
We conclude that under the present state of the law, even though no earning capacity is proved, the jury is at liberty to make some award for loss of prospective estate, but the award must be reasonable under all the circumstances and is clearly subject to judicial review for exces-siveness at both the trial and the appellate *696 level. See McCormick on Damages, p. 362 where the author states:
“ * * * there seems to be no state where a substantial degree of judicial control over the amount is not exercised both by way of instruction in advance to the jury as to the proper standards of damages and of revision of the amount, for excessiveness or inadequacy, on motion for new trial or an appeal.”
With respect to the quality of proof required to support a verdict for loss of prospective estate, a showing of probability as to the amount is not required and the later cases seem to require that the evidence do no more than furnish a reasonable basis for the amount decided upon by the jury. See Miami Dairy Farms, Inc. v. Tinsley and Burch v. Gilbert, supra. Compare Cudahy Packing Co. v. Ellis, 1932, 105 Fla. 186, 140 So. 918, which was a wrongful death suit brought by a dependent wherein the Florida Supreme Court stated that more than ordinary discretion may be allowed to the jury in assessing damages in such an action.
Our function then in reviewing the jury verdict against a charge that it is excessive is to determine whether the verdict, as a matter of law, is without a reasonable basis in the evidence. If so, this court has the duty to set the verdict aside or to order a remittitur. See Renuart Lumber Yards v. Levine, Fla.1950, 49 So.2d 97, 99; Burch v. Gilbert; Florida East Coast Ry. Co. v. Hayes, supra; and Gresham v. Courson, Fla.App.1965, 177 So.2d 33.
The verdict of $15,000.00 implies that over a period of sixty-five years the plaintiff’s decedent would have accumulated an estate of something in excess of $133,000.00 based on 4% compound interest and something in excess of $200,000.00 based on 5% compound interest. There was no reasonable basis in the evidence in this record which would support a conclusion that the plaintiff’s decedent would have accumulated and left either of those amounts at the end of his normal life expectancy, and the jury verdict which implies such reaches beyond the realm of permissible speculation.
We need not base our conclusion entirely on the implication of the jury verdict. The plaintiff’s own attorney argued to the jury that the child might reasonably have accumulated at the end of his life expectancy $20,000.00 to $30,000.00. Assuming that $30,000.00 is a reasonable figure for the prospective estate of the decedent, and assuming further that the decedent had a life expectancy of fifty years rather than sixty-five years, the discount figure for $1.00 invested at 4% compound interest would be .1407. Using this figure to reduce $30,-000.00 to present value, we arrive at a value of $4,221.00 for the loss of the prospective estate.
Another approach to an analysis of the jury verdict which might be meaningful in this case is suggested by the opinion of the First District Court of Appeal in the case of Gresham v. Courson, supra. In that case the First District stated with respect to an award to parents for their pain and suffering for the wrongful death of an eleven month old child that if the verdict does not bear a reasonable relationship to the general trend of prior decisions, the verdict may be set aside and a new trial or a remittitur ordered. Taking this approach to analysis of the verdict before us the following résumé of decisions may be helpful.
In Florida East Coast Ry. Co., v. Hayes, supra, an award of $15,000.00 to an administrator of a thirteen-year-old boy for loss of prospective estate was held excessive by $13,000.00.
In Miami Dairy Farms, Inc. v. Tinsley, supra, a $6,000.00 jury verdict for loss of a minor’s prospective estate was held excessive even after a $3,000.00 remittitur was accepted. After retrial'the Supreme Court affirmed a $1,000.00 jury verdict (see 164 So. 530, 531).
*697 In Burch v. Gilbert, supra, the First District Court of Appeal held that a verdict for $20,000.00 for loss of an eight-year-old’s prospective estate was excessive.
In Holland Paving Co. v. Dann, Fla.App. 1964, 169 So.2d 849, the Third District Court of Appeal affirmed a $10,000.00 verdict for an administrator in a suit for the wrongful death of a child saying that the verdict was not such as to shock the conscience of the court. The opinion contains no discussion as to the age of the child, his earnings record, pain and suffering, or the implication of the verdict.
In Gresham v. Courson, supra, the administrator recovered $25,000.00 for loss of a minor’s prospective estate, but agreed to a remittitur of $20,000.00. The verdict was affirmed for the net amount of $5,000.00.
In Atlas Properties, Inc. v. Didich, Fla. App.1968, 213 So.2d 278, a recovery of $20,000.00 by an administrator of a thirteen-year-old girl was affirmed. The opinion contains no analysis of the evidence bearing on the recovery and the court merely cited Holland Paving Co. v. Dann and Florida East. Coast Railway Company v. Stewart, Fla.App.1962, 140 So.2d 880. The Holland case is mentioned above. Florida East Coast Railway Company v. Stewart, supra, appears to be a case in which an administrator recovered $100,-000.00 by reason of the death of an adult decedent. It appears from the opinion that the award was primarily based upon a claim for pain and suffering prior to the death of the decedent. The case is clearly distinguishable, therefore, from that before us.
In Laskey v. Smith, Fla. 1970, 239 So.2d 13, the Florida Supreme Court affirmed a $31,200.00 verdict in favor of an administrator of a two-year-old child regardless of the fact that, as stated by the court “ * * * no proof was adduced by prospective estate.” The result in the Laskey case is justifiable only on the ground that the jury might have found conscious pain and suffering prior to death and is on this ground distinguishable from the present case. The court stated in its opinion:
“The petitioners argue that the jury’s estimate of the prospective estate of the child whose administrator brought this action would exceed $300,000. This overlooks two factors, however. There is, above all, evidence that the child, who lived 12 days after the accident, suffered pain. There is also evidence that she was unconscious all the while, but the jury believed the plaintiff’s testimony on this point. Secondly, there is a difficulty in determining prospective estate in any open society in which the poorest born may the richest die. The permissible range of speculation is broader than it is with life expectancy: the rich man shares the poor man’s mortality.” (Emphasis added.)
We take the above quotation to mean that the court felt that the conscious pain and suffering justified the jury verdict.
From the foregoing decisions as well as our review of the record we conclude that the verdict finds no reasonable basis in the evidence to the extent that it exceeds $5,-435.00. Above that amount we believe the verdict to be excessive. On remand the trial court is directed to grant the appellants a new trial on the issue of damages, unless within twenty days after the mandate of this court is filed in the trial court, the appellee files therein a written acceptance of a remittitur of $10,000.00 on the judgment.
Remanded with instructions.
OWEN, J., concurs.
WALDEN, J., dissents, with opinion.