255 So.2d 267 (1971)
Neal THREETS, As Administrator of the Estate of Dennis Ray Threets, a Minor Child, Deceased, Petitioner,
v.
Damon HARDISON and Allstate Insurance Company, a Foreign Corporation, Respondents.
No. 40614.
Supreme Court of Florida.
November 24, 1971.
Sammy Cacciatore, Jr., of Nance & Cacciatore, Melbourne, for petitioner.
Dale O. Morgan, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, Orlando, for respondents.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Fourth District, (Hardison v. Threets, 241 So.2d 694), which allegedly conflicts with a prior decision of this Court (Laskey v. Smith, 239 So.2d 13), and a prior decision of the District Court of Appeal, Third District (Holland Paving Company, Inc. v. Dann, 169 So.2d 849), on the same point of law. Fla. Const., art. V, § 4, F.S.A.
For clarity, the parties will be referred to as they appeared in the trial court.
Plaintiff, as Administrator, sought damages for the death of his minor child. Hardison, the operator of the motor vehicle which allegedly caused the death of the child, and Allstate Insurance Company were joined as defendants. The decedent was a four-year-old child in perfect health, was outgoing and friendly, and performed small chores around the house. His parents intended to educate him. His life expectancy was 65 years and 34 days.
Under Fla. Stat. § 768.02, F.S.A., the plaintiff Administrator sought damages for pain and suffering prior to death, funeral expenses and loss of prospective estate. Damages in the amount of $15,435 were awarded by the jury. The evidence showed that funeral and burial expenses amounted to $435.
Defendant filed a motion for new trial, on the ground, inter alia, that the verdict was excessive and also moved for a remittitur. The trial judge denied the motions and entered final judgment against defendant Hardison for $15,435, plus cost, and against the defendant Allstate Insurance Company, because of limited coverage, for $10,000, plus cost.
*268 Defendants appealed, questioning, inter alia, the sufficiency of the evidence to support the verdict of $15,435, and the denial of the motion for remittitur. The District Court of Appeal reversed the trial court and ordered a remittitur of $10,000, thereby reducing the verdict to $5,435, or alternatively a new trial on the issue of damages. This petition for writ of certiorari resulted.
At the outset, we recognize the element of speculation in determining the prospective estate of a minor child who has not yet entered school or performed any services for hire. However, the courts are required to find some standards against which to measure such an award and, as a general rule, wide latitude is permitted in proof of such damages. For example, some of the matters which may be considered in proof of loss of a minor child's prospective estate are: The age and life expectancy of the child; the age and health of its parents and other relatives; the child's intelligence, health, disposition, character, mental and physical characteristics, personality and generally all evidence contributing to a qualitative and quantitative analysis of the child as a total being; occupation and station in life of parents, siblings and relatives where pertinent; intelligence and character of the parents; probabilities of education and other opportunities to be afforded by the parents to the child. These are only a few of the elements that are generally used in proof of damages for loss of prospective estate.
The intangible nature of evidence admissible in proof of loss of the prospective estate of a deceased minor requires a different consideration upon review than the positive nature of evidence admissible in proof of medical expenses or even pain and suffering. The Legislature contemplated that damages for loss of a prospective estate should be determined by a jury of reasonable men and the Appellate Court should be even more hesitant in substituting its "verdict" in such determinations for that of the jury. As stated by this Court in Laskey v. Smith, supra:
"[T]here is a difficulty in determining prospective estate in any open society in which the poorest born may the richest die. The permissible range of speculation is broader than it is with life expectancy: the rich man shares the poor man's mortality.
"It is true that no proof was adduced of prospective estate. It is difficult to imagine what proof might be offered by the plaintiff administrator to maximize and the defendant to minimize this element of damage which would not clutter our already crowded courts with `experts' predicting what a three-year-old would likely leave behind if she had lived out her normal life span. Allowance of recovery for something so nebulous as an infant's prospective estate is a debatable matter of policy, but it is up to the Legislature to debate it.
"A jury's determination of damage is reviewable by the trial judge on precisely the same principles as govern his superintendence of determinations of liability. Mr. Justice Drew stated them clearly in Hodge v. Jacksonville Terminal Company, Fla., 234 So.2d 645, opinion filed April 22, 1970. The record must affirmatively show the impropriety of the verdict or there must be an independent determination by the trial judge that the jury was influenced by considerations outside the record.
"In other words, the trial judge does not sit as a seventh juror with veto power. His setting aside a verdict must be supported by the record, as in Cloud v. Fallis, Fla. 1959, 110 So.2d 669, or by findings reasonably amenable to judicial review. Not every verdict which raises a judicial eyebrow should shock the judicial conscience." (239 So.2d p. 14)
Under this decision, the jury should be allowed a greater discretion in placing a monetary value on loss of prospective estate *269 than it would perhaps be allowed in cases where the amount of damages is susceptible to a more accurate determination. The District Court of Appeal in the case sub judice by ordering a $10,000 remittitur on a $15,435 judgment incorrectly applied the principles set out in Laskey v. Smith, supra, and erroneously interpreted the scope and intent of the decision. In Pinkerton-Hays Lumber Company v. Pope, 127 So.2d 441 (Fla. 1961), it was held that this Court had jurisdiction to review by certiorari a decision of the District Court of Appeal accepting a decision of this Court as controlling precedent, but attributing to that decision an erroneous principle of law resulting in the creation of a conflict of opinions. We have jurisdiction.
In Holland Paving Company v. Dann, supra, a verdict in the sum of $10,000 in favor of an administrator in a suit for the wrongful death of a minor child was affirmed as it did not shock the conscious of the Court. The decision of the District Court of Appeal in the case sub judice is also in conflict with this decision of the District Court of Appeal, Third District.
Judge Walden, dissenting in the case sub judice, (Hardison v. Threets, 241 So.2d 694, 698), said:
"The guidelines and limitations upon appellate review in this area are wellknown. See 9 Fla.Jur., Damages, § 96 et seq. Suffice it to say that the jury decision here in nowise shocks my judicial conscience and I fail to see a demonstration of error of any calibre or kind, or any legal basis for substituting my views as to the amount of damages. It is this writer's philosophy and understanding of the law that in such case the weighing of the evidence and the consideration of the nuances arising therefrom should be more comfortably and properly left in the hands of the jury, rather than in the hands of the appellate judges.
"Six jurors heard this case and were properly instructed as to the law. They decided that $15,435.00 was a proper award. The presiding trial judge heard the evidence and agreed with the jury when he rejected the defendant's arguments and requests for a new trial and remittitur. Two judges of this court assayed the evidence from the printed record, then decided that $5,435.00 was a proper award. Being unable and unwilling to so definitively re-try this case, I do respectfully and reluctantly separate from the views of my esteemed brethren here and align with the jurors and the trial judge.
"I would affirm the award of damages upon authority of Florida East Coast Railway Company v. Stewart, Fla.App. 1962, 140 So.2d 880; Holland Paving Co. v. Dann, Fla.App. 1964, 169 So.2d 849; Atlas Properties, Inc. v. Didich, Fla.App. 1968, 213 So.2d 278 and Laskey v. Smith, Fla. 1970, 239 So.2d 13."
We approve and adopt the above-quoted dissent.
The majority opinion of the District Court of Appeal is quashed and the cause is remanded with instructions to affirm the final judgments of the trial court.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON and McCAIN, JJ., concur.