BARKDULL, Chief Judge.
By this appeal, we are called upon to review the propriety of a trial court proceeding which resulted in a verdict of $500,000.00 and final judgment thereon in favor of the appellee, McKelvey, for the loss of a right arm midway between the shoulder and the elbow.
The plaintiff brought his action pursuant to the provisions of the Federal Employees Liability Act against the Railroad (as his employer) and against the appellee, Dade *779 County. He alleged that his injury was caused by the joint negligence of the defendants; that his employer failed to provide him with a safe place to work; and that the County, upon whose premises the train was traveling at the time of the injury, failed to properly maintain a gate across the roadbed.
At the time of the injury, the plaintiff was acting as a conductor on a freight train, which was shifting several box cars on property owned by the County. The train was made up of two box cars with an engine in the rear pushing the cars. As the train approached the County’s property, the plaintiff got off the train, caused a metal gate that crossed the track to be opened by a Dade County guard, reboarded the train and it moved forward; he was positioned on the left front side of the lead box car. As the train neared the opening in the fence, the left gate began to swing towards the track. The engine to the rear did not have a fireman and the plaintiff was not possessed of a walkie-talkie to communicate with the engineer, who was on the right side of the engine. Rather than stepping off the train [which the plaintiff could have done because of its slow movement] he elected to move around in front of the box car in order to notify his co-employee [who was riding on the right front side of the box car and who could signal the engineer] of the potential danger ahead. In attempting to make the move from the left front side to the front of the box car, he lost his grip and fell beneath the train approximately 50-75 feet before it reached the fense, causing his arm to be severed.
The Railroad cross-claimed against the County, contending that if it were held liable to the plaintiff the County was liable over to it, upon an express contract of indemnity or upon the common law theory of contribution from an active tort feasor [the County] to the passive tort feasor [the Railroad],
After approximately a two-week trial, the matter was submitted to the jury on the issues made by the pleadings. The jury returned a verdict in favor of the plaintiff against the Railroad and in favor of the County on the plaintiff’s claim against the County and the Railroad’s cross-claim against the County. This appeal ensued.
The appellant has preserved and properly presented ten points on appeal, among which are the alleged unconstitutionality of the F.E.L.A. statute, the excessiveness of the verdict, error in the trial court’s instruction relative to liability on the cross-claim. The other points urged for reversal have been examined and found to be without merit.
As to the alleged unconstitutionality of the Federal F.E.L.A. statute, we first note that this point was not raised in the trial court. The appellant concedes this, but contends that this court should consider the unconstitutionality of this statute at this time as fundamental error. We do not concur in the appellant’s position for several reasons: (1) It is apparent, from a review of the trial proceedings, that the appellant relied on the benefits of this statute and, therefore, should not now be heard to complain of its unconstitutionality. Carlton, for Use of Duval County v. Fidelity & Deposit Co. of Maryland, 113 Fla. 63, 151 So. 291, 154 So. 317; McNulty v. Blackburn, Fla.1949, 42 So.2d 445; State ex rel. Watson v. Gray, Fla. 1950, 48 So.2d 84. (2) Even if the matter had been presented to the trial court or was a proper matter for fundamental consideration by this court, this statute has been held constitutional by the Federal courts, including the Supreme Court of the United States. In Re Second Employer’s Liability Cases (Mondou v. New York, N. H. & H. R. Co.), 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327; Michigan Central Railroad Company v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417; Norfolk & Western Railway Company v. Earnest, 229 U.S. 114, 33. S.Ct. 654, 57 L.Ed. 1096; Seaboard Air Line Ry. Co. v. Moore, 5th Cir.1912, 193 F. 1022. Counsel for the appellant urges that the opinion *780 of the Supreme Court of the United States upholding the constitutionality of this statute was rendered in 1912, and that time and events which have transpired in the past sixty years now render the operation of this statute unconstitutional under the equal rights provision of the United States Constitution. We do not find facts in the record, nor have sufficient facts been called to our attention of which we could take judicial notice, to warrant this court at this time holding this statute unconstitutional. Atlantic Coast Line R. Co. v. Ivey, 148 Fla. 680, 5 So.2d 244; Caldwell v. Mann, 157 Fla. 633, 26 So.2d 788; Georgia Southern and Florida Railway Company v. Seven-Up Bottling Company of Southeast Georgia, Inc., Fla. 1965, 175 So.2d 39.
Turning next to the propriety of the trial court’s ruling relative to the jury instructions on the cross-claim between the Railroad and the County, we have examined the requested charges which the trial court declined to give on behalf of the Railroad and find that the substance of these charges was covered in the general charge given by the trial court.[1] Therefore, no error has been made to appear in this ruling. Further, upon examination of the charges, as proposed by the Railroad, it is doubtful as to whether they were appropriate to be given because of the difference in defenses available to the respective defendants, to wit: contributory negligence being a complete defense in the action against the County, whereas it is not a complete defense in the action brought against the Railroad under the Federal Employers’ Liability Act. Ft. Worth & Denver Railway Company v. Threadgill, 5th Cir.1955, 228 F.2d 307; Kennedy v. Pennsylvania Railroad Company, 3rd Cir.1960, 282 F.2d 705; Wallace v. New Orleans Public Belt. R. Co., D.C. La.1948, 78 F.Supp. 724 (rev’d. on other grounds, 5 Cir., 173 F.2d 145); Lawrence v. Great Northern Ry. Co., D.C., D.Minn., 4th Div.1951, 98 F.Supp. 746.
Turning now to the question of the ex-cessiveness of the verdict, we are faced with a most difficult decision. The plaintiff was a young man of twenty-seven years of age, who was shown to be [prior to the injury] a very industrious, outgoing and likeable person, who supported his widowed mother and his ^sister, worked his way through college, and had a life expectancy of 45J42 years at the time of the injury. The evidence was that his earning capacity was ultimately $9,000.00 a year in his employment at the time of the injury, and that his earning capacity as now handicapped would be approximately $3,000.00 a year, leaving a total loss of earnings over a period of life expectancy of $228,000.00 which, reduced to today’s worth, would be approximately $92,335.00. This, coupled with past loss of earnings of $8,665.00, results in a total loss of earnings of $101,000.00. Deducting this amount from the total verdict of $500,000.00 would leave $399,000.00 to compensate the plaintiff for pain and suffering and the loss of the arm. In this connection, see Renu-art Lumber Yards v. Levine, Fla.1950, 49 So.2d 97; Loftin v. Wilson, Fla.1953, 67 So.2d 185.
We have been pointed to a number of authorities throughout this country on the amount of damages approved by appellate courts during the preceding twelve years for the loss of one or more limbs. In none of these opinions, and in none we have been able to find, has a verdict been sustained of an award of $399,-000.00 for pain and suffering. A review of the cases indicates that an appellate court should not disturb a verdict as excessive, unless it shocks the conscience of the court. The burden is on the appellant to establish that the verdict is wholly unsupported by the evidence or that it was the result of passion, prejudice, or other *781 improper motive. Bartholf v. Baker, Fla. 1954, 71 So.2d 480; Handel v. Rudnick, Fla.1955, 78 So.2d 709; Sproule v. Nelson, Fla.1955, 81 So.2d 478; Little River Bank & Trust Company v. Magoffin, Fla.1968, 100 So.2d 626; Florida East Coast Railway Company v. Stewart, Fla.App. 1962, 140 So.2d 880; Rite Rate Cab Company v. McGee, Fla.App.1963, 159 So.2d 663; Sinclair Refining Co. v. Butler, Fla.App. 1965, 172 So.2d 499; Talcott v. Holl, Fla.App. 1969, 224 So.2d 420. No ascertainable test or standard is provided in these decisions as to what is necessary to jar or shock the judicial conscience of an appellate court. It is apparent from a review of the authorities that as long as the principle exists that error may be occasioned in a verdict by excessiveness, this will have to be determined in each individual case by the particular court upon the examination of a cold record without being subjected to prejudice and bias that may be occasioned in the emotionally charged atmosphere of a trial courtroom. The right of an appellant to urge error in the failure of a trial court to grant a new trial or a remittitur upon the alleged ground of ex-cessiveness has long been recognized, from the early case of Florida Railway & Navigation Company v. Webster, 25 Fla. 394, 5 So. 714 to the most recent case of Threets v. Hardison, Fla.1971, 255 So.2d 267. We also recognize that it is difficult to reduce damages for future pain and suffering to a fixed amount at the time of trial. Atlantic Greyhound Lines v. Lovett, 134 Fla. 505, 184 So. 133; Braddock v. Seaboard Airline Railroad Company, Fla.1955, 80 So.2d 662, wherein a trial court was reversed for reducing damages for future pain and suffering. The Supreme Court of Florida, only two years prior to Braddock v. Seaboard Airline Railroad Company, supra, did find an excessive verdict based on future pain and suffering and ordered a new trial on damages only. Loftin v. Wilson, Fla.1953, 67 So.2d 185. The amount of the verdict was $300,000.00 and the actual monetary loss was less than $93,000.00. The court, in Loftin v.' Wilson, supra, pointed out that at 3% interest on $207,000.00 there would be a return to the plaintiff of an amount in excess of his annual earnings prior to the accident. Likewise, in the instant case, at 3% per an-num the return on the amount awarded for future pain and suffering would give the plaintiff more than his earning capacity prior to the accident. The Supreme Court, in Braddock v. Seaboard Airline Railroad Company, supra, did not mention Loftin v. Wilson, supra, and neither of these two decisions appear to have been expressly reversed or modified in the intervening years.
We have noted that an award of twelve times the amount found to be due for loss of compensation as damages for pain and suffering has been set aside, with directions to fix a remittitur or a new trial. Smith v. Goodpasture, Fla.App. 1965, 179 So.2d 240. But, the court has approved higher multiples for past pain and suffering. Florida East Coast Railway Company v. Stewart, Fla.App.1962, 140 So. 2d 880; See also: Talcott v. Holl, Fla. App.1969, 224 So.2d 420, cert. denied Talcott v. Holl, Fla.1969, 232 So.2d 181; Com-pañía Dominicana de Aviacion v. Knapp, Fla.App.1971, 251 So.2d 18; Threets v. Hardison, supra.
The burden is on an appellant to demonstrate that the jury rendered an excessive burden because of “passion and sympathy”. Breeding’s Dania Drug Co. v. Runyon, 147 Fla. 123, 2 So.2d 376; Florida Power & Light Co. v. Robinson, Fla. 1953, 68 So.2d 406; Talcott v. Holl, supra. Neither an appellate court nor a trial court is to act as a seventh juror with veto power. Lasky v. Smith, Fla.1970, 239 So.2d 13; Threets v. Hardison, supra. Without an appellant showing that either a jury considered an inappropriate item of damages [Atlantic Coast Line Railroad Company v. Braz, Fla.App.1966, 182 So.2d 491] or rendered a verdict because of “passion and sympathy” [Loftin v. Dagley, 152 Fla. 831, 13 So.2d 311; Albert v. Miami Transit Company, 154 Fla. 186, 17 So.2d 89; Florida Motorlines Corp. v. Shontz, 159 F[a. 518, 32 So.2d 248; Florida East Coast *782 Railway Company v. Stewart, supra; Talcott v. Holl, supra], the verdict should be left within the discretion of the jury as to compensation for future humiliation, pain, and suffering. S. A. Freel Distributing Co. v. Lenox, 147 Fla. 550, 3 So.2d 157; Higbee v. Dorigo, Fla.1953, 66 So.2d 684; Merwin v. Kellems, Fla.1955, 78 So. 2d 865; Sproule v. Nelson, supra; Florida East Coast Railway Company v. Stewart, supra; Sinclair Refining Co. v. Butler, supra; Talcott v. Holl, supra.
Measuring the record on this appeal and considering the burden on the appellant to demonstrate error, we are unable to say that the trial judge committed prejudicial error in overruling the motion for new trial on the ground of ex-cessiveness of the verdict.[2]
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.

. The matter was actually submitted to the jury on the alleged liability of the County as the active joint tort feasor and not on any express contract of indemnification.

. In affirming this verdict here under review, we are accepting the Supreme Court’s pronouncement in Braddock v. Seaboard Airline Railroad Company, supra, as to the validity of a jury’s verdict for future pain and suffering, and rejecting the formula set forth in Loftin v. Wilson, supra. And it is our intention, upon the final conclusion of this matter in this court, to certify this cause to the Supreme Court of Florida, as a matter of great public interest, to determine whether there should be a formula to establish the outer limits of a jury’s discretion in awarding damages for future humiliation, pain and suffering, e. g., Loftin v. Wilson, supra.