McNULTY, Judge.
This appeal is taken from a final judgment on a jury verdict awarding $10,000 to the estate of Corrine Simmons in a wrongful death action, brought by her adminis- *627 tratrix, as a result of a motor vehicle-train collision.[1] Defendant-appellant appeals the judgment both as to liability and as to the refusal of the trial judge to grant a remit-titur of the damage award. At the outset, we think there was sufficient evidence to raise a jury question as to liability, and find no reason to overturn the jury’s finding in this regard. We must reverse, however, on the question of damages.
The measure of damages under the wrongful death statute, when the administrator (administratrix) brings the action for the estate, is :[2]
. . the present value of the prospective earnings and savings which the evidence indicates the decedent could reasonably have been expected to have accumulated during his life expectancy after becoming of age and to have left to his heirs or beneficiaries at his death . . . . That which may be considered in measuring the recovery includes evidence of age, probable duration of life, habits of industry, means, business, earnings, health, skill, and reasonable future expectations. . . .”
Here, the decedent was a 64 year old widow with a life expectancy of approximately 13 years. Undisputedly, she was not employed and had no business, skills, earnings or assets other than personal effects. She received minimal social security benefits derived through her deceased husband, and she received occasional gratuitous financial assistance from her niece, the ad-ministratrix herein; but there was no evidence that such income exceeded her day to day needs. Concededly, a showing of probability as to the amount of damages is not required; but the evidence still must afford a reasonable basis for the amount decided upon by the jury.[3] Under the evidence presently in this record we can find no reasonable basis for the $10,000 verdict nor, indeed, for any other than a nominal award. We therefore reverse and remand for a new trial solely on the issue of damages or, in the discretion of the trial judge, the granting of an appropriate remittitur.[4]
Reversed.
HOBSON, Acting C. J., and SACK, MARTIN, Associate Judge, concur.

. See, § 768.02, F.S., 1969, F.S.A. We emphasize that this case is brought by the administratrix. A suit by others under the statute -would involve elements of damages not appropriate here.

. Hardison v. Threets (Fla.App.1970), 241 So.2d 694, 695, reversed on other grounds (Fla.1971), 255 So.2d 267.

. See, Burch v. Gilbert (Fla.App.1963), 148 So.2d 289; and Marianna & B. R. Co. v. May (Fla.1922), 88 Fla. 524, 91 So. 553. We recognize that when the estate of a minor is involved damages are of necessity more speculative. Not so with elderly persons as here. Cf. Threets v. Hardison (Fla.1971), 255 So.2d 267.

. See, Hardison v. Threets, id., and Burch v. Gilbert, id.