276 So.2d 71 (1973)
CAUSEWAY MARINA, INC., et al., Appellants,
v.
Perry MANDEL, Appellee.
No. 72-482.
District Court of Appeal of Florida, Third District.
April 17, 1973.
*72 Smathers & Thompson and Christian D. Keedy, Miami, for appellants.
Grover, Weinstein & Stauber, Miami Beach, for appellee.
Before HENDRY and HAVERFIELD, JJ., and MELVIN, WOODROW M., Associate Judge.
PER CURIAM.
Defendant-appellants seek review of the lower court's judgment awarding plaintiff-appellee $3,750 in damages.
Plaintiff-appellee stored his boat at appellant Causeway Marina, Inc. The boats at the marina are stored in various slots and stacked three high. They are moved on and off the racks by a forklift which is operated by the appellant marina and maintained by appellant W.E. Johnson Company. While a boat was being stacked the forklift failed when a hydraulic hose burst. As a result the boat fell and damaged appellee's boat on the lower rack along with a boat on the middle rack. Several days later appellee, Mr. Mandel, arrived at the marina and discovered his boat was damaged. About two months thereafter, appellee signed an authorization to allow the marina to repair the boat. Appellant marina would not release the boat until appellee paid the repair bill and storage costs incurred subsequent to the accident. About 10 months after the accident Mandel finally paid the costs in full. Appellee filed suit to recover damages resulting from the physical damage to his boat and loss of its use. The jury returned a verdict of $5,000. The court ordered and appellee accepted a remittitur of $1,250. Appellants' motion for new trial was denied. The court then entered a judgment of $3,750 plus costs in favor of appellee. This appeal followed.
Defendant-appellants allege it was error for the trial court to enter final judgment for the plaintiff.
The jury acted within its province on conflicting testimony and evidentiary inferences, and we cannot disturb its finding of negligence unless the trial proceedings reveal judicial error so prejudicial to a fair trial as to justify reversal. See 2 Fla.Jur. Appeals § 345 (1963) and cases cited therein. The proceedings do not reveal such error. Further, it is not the function of this court to substitute its judgment for interpretation of the facts for that of the jury. Holland Paving Company v. Dann, Fla.App. 1964, 169 So.2d 849; Food Fair Stores of Fla., Inc. v. Vallarelli, Fla.App. 1958, 101 So.2d 161.
In addition, the record reflects that the hydraulic hose, which apparently ruptured *73 or leaked and was the proximate cause of the accident, had been discarded and, thus, was never available to appellee for inspection. We note also that the forklift was under the exclusive control of the appellants. In light of the foregoing facts, the doctrine of res ipsa loquitur undoubtedly is applicable to the case at bar. See 23 Fla.Jur. Negligence §§ 115, 116 (1959).
We have considered appellants' remaining points on appeal and find them to be without merit.
Accordingly, the judgment appealed must be and hereby is affirmed.
Affirmed.