McNULTY, Judge.
Victor “Pepe” Perez, aged five, was killed in a motor vehicle accident. His mother brought suit, individually, for her mental pain and anguish and for the loss of services of her minor son. In the same action, she sued in her capacity as adminis-tratrix of her son’s estate seeking to recover for medical and funeral expenses, for her son’s pain and suffering prior to his death and for the loss of her son’s prospective estate. Pepe’s father was killed in the same accident, but the claims arising from that death were the subject of a separate action.
The defendants admitted liability and a trial on the issue of damages was held. The jury returned a verdict for Pepe’s mother, individually, in the sum of $25,000.00, and for her, as administratrix, in the sum of $1,520.00. The plaintiff’s motion for new trial was denied. That portion of the judgment entered in favor of the mother, individually, was satisfied. The judgment, as it related to the mother in her fiduciary capacity, was appealed.
Pepe’s funeral expenses equalled the amount of the judgment entered in favor of the appellant. The appellant contends that the verdict was inadequate as a matter of law.
There was no evidence introduced that showed any pain and suffering of the decedent prior to his death. Likewise, there was no evidence of any medical expenses incurred as a result thereof. However,' there was a large quantity of evidence introduced on the issue of loss of prospective estate.
Pepe was the youngest child of George and Clara Perez. He was living with his father and mother and five brothers and sisters at the time of his death. Numerous witnesses variously described Pepe as healthy, active, lovable, outgoing and alert. One mother acknowledged that Pepe was brighter than any of her own children. He was said to be exceptionally well disciplined and well behaved.
Pepe’s father had been a carpenter, and he often accompanied his father on the job. He liked to imitate his father’s work, and his father’s co-workers enjoyed his company. The appellant introduced testimony of the customary average earnings for carpenters in the area. Pursuant to hypothetical questions, an economics professor gave his opinion that had Pepe lived out his natural life he would have accumulated $26,237.00 at the time of his death.
The difficult question presented by the appeal is whether the jury was entitled under the evidence to find no damages for loss of prospective estate.
The appellees cite the case of Silas v. Black[1] in which the First District Court of Appeal affirmed a verdict in favor of the plaintiff-administrator of a fifteen year old boy but which awarded no damages. However, that case can he distinguished because there was evidence that despite the decedent’s better than average *543 IQ, he lacked emotional control, he had a visual difficulty and he had done poorly in school. Thus, there was evidence upon which a jury could have reasonably concluded that he would have left no estate.
Likewise, this case differs from Seaboard Coast Line Railroad Corporation v. Robinson[2] wherein it affirmatively appeared undisputedly that the deceased was a 64 year old widow who owned no property other than personal effects, was unemployable and who received only a minimal survivor’s social security benefit, together with occasional gratuitous financial aid from a niece, as her sole source of income. In toto the foregoing income did not exceed her day to day needs. We held, indeed, as a matter of law that a jury could not under such circumstances find any amount for loss of prospective estate.
But here there was no evidence tending to contradict the affirmative proof that Pepe was a bright, healthy and attractive child who was being raised in a wholesome family environment and that his fortunes were on the ascendency. On the undisputed facts herein we are convinced that the appellant was entitled to damages in some amount, even though perhaps nominal, for the loss of the decedent’s prospective estate.[3] Accordingly, “zero” damages therefor was inappropriate as a matter of law.[4]
Since this case will have to be retried, we deem it advisable to mention an additional point for the guidance of the trial judge. In an effort to demonstrate the likelihood that Pepe’s savings would have been modest, the defendant introduced a deposition of Mrs. Perez taken in her husband’s wrongful death action in which she testified that Pepe’s father’s estate consisted of only five building lots on which he owed $1,452.00, a 1964 Cadillac automobile and a 1966 Ford truck. The plaintiff objected on the premise that this evidence was not sufficiently related to how the boy would have fared in later life, but we think such evidence had some probative value and that it was properly admissible. Evidence directed to the issue of loss of prospective estate of a minor in any case is necessarily going to be somewhat nebulous and speculative. Thus, the parties should be given wide latitude in producing such evidence as might be available tending to show what kind of estate the decedent would have acquired. Some of the considerations toward which evidence would be admissible on the point were set forth by our Supreme Court in Threets v. Hardison[5] and include “. . . [t]he age and life.expectancy of the child; the age and health of its parents and other relatives; the child’s intelligence, health, disposition, character, mental and physical characteristics, personality and generally all evidence contributing to a qualitative and quantitative analysis of the child as a total being; occupation and station in life of parents, siblings and relatives where pertinent; intelligence and character of the parents; probabilities of education and other opportunities to be afforded by the parents to the child.” To these we would add as specifics: the standard of living maintained to which the child is likely to become accustomed and aspire; the moral values and stability apparent in his home environment; the character training manifestly given him in other respects; and the habits and diligence of his parents or guardians in pursuing their own ambitions toward affluence. The assailed evidence herein is clearly within the scope of the foregoing criteria.
It is suggested, however, that upon retrial should the defendant once again seek to present such evidence, it appears *544 more appropriate that it be introduced through direct testimony or properly through a deposition of the plaintiff taken in the instant case. Assuming Mrs. Perez is still available as a witness, the testimony she gave in the other case ought not be used in this action except for purposes of impeachment.
The judgment appealed from, as it relates to the claim of the administratrix, is hereby reversed for a new trial on the issue of damages only.
MANN, C. J., concurs specially with opinion.
BOARDMAN, J., dissents.

. (Fla.App.1963), 193 So.2d 13.

. (Fla.App.1972), 263 So.2d 626.

. See, e. g., Marianna & B. R.. Co. v. May (Fla.1922), 83 Fla. 624, 91 So. 553, and Burch v. Gilbert (Fla.App.1963), 148 So.2d 289.

. Cf., Short v. Grossman (Fla.1971), 245 So. 2d 217.

. (Fla.1971), 255 So.2d 267.