MANN, Chief Judge
(concurring specially) .
On this record, the award of $1520.00, precisely the amount of funeral expenses, indicates an expectation that this child would leave no estate. This runs contrary to the evidence that the child was bright and intelligent, that his father was industrious and thrifty, and so forth. The inherently speculative character of such evidence has long bothered me. Laskey v. Smith, Fla.1970, 239 So.2d 13. See also Threets v. Hardison, Fla.1971, 255 So.2d 267. The Legislature has corrected this by enactment of Fla.Stat. § 768.21 F.S.A. (1972 Supp.), allowing recovery of “loss of net accumulations beyond death” . “reduced to present value” where there is a surviving spouse or lineal descendants. This makes sense to me. There is slight likelihood that this mother would be the son’s ultimate heir — certainly not of the amount he would expect to accumulate in a full lifetime. In the proper spirit of judicial restraint, Judge McNulty has refrained from applying the new rule retroactively. All we. have before us is positive evidence for the plaintiff, and none for the defendant on this single element of damages, and every indication that the jury disregarded it. Thus a zero damages verdict would seem inadequate as a matter of law. Had the damages been assessed in some amount I would have thought the jury within its rights.