MIAMI DAIRY FARMS, INC., v. CALVIN W. TINSLEY, Administrator of the Estate of Judson Harper Tinsley, deceased.

155 So. 850.

Division B.

Opinion Filed June 26, 1934.

*McKay, Dixon & DeJarnette,* for Plaintiff in Error;
*Edward E. Fleming,* for Defendant in Error.

WHITFIELD, P. J.—An action was brought under Sections 7047 (4960), 7048 (4961), C. G. L., by Calvin W. Tinsley, as administrator of the estate of Judson Harper Tinsley, deceased, against Miami Dairy Farms, Inc., for the wrongful death of said Judson Harper Tinsley, aged ten years, caused in a motor truck casualty. Damages were claimed for the loss of a prospective estate which the deceased minor probably would have acquired after becoming of age and during his life expectancy to leave at his death, if his death had not been caused by the alleged wrongful act of the defendant. A demurrer to the declaration as amended was overruled. Defendant pleaded (1) not guilty; (2)

"that at the time and place set forth therein the deceased was riding upon the truck of this defendant in violation of instructions issued by this defendant and, therefore, was riding thereupon in the capacity of a trespasser and that as such trespasser this defendant owed the deceased no duty other than not to wantonly injure the deceased;" (3) "that at the time and place set forth the deceased was riding upon the truck of this defendant in violation of the instructions of this defendant, and that the driver of the defendant's truck was carrying the deceased against the wishes of this defendant and in violation of its instructions, and that his actions in that regard were *ultra vires* and for which actions this defendant was not, and is not, responsible."

Plaintiff joined issue on the first plea, and for replication to the second and third pleas replied:

"That the instructions of the defendant mentioned and set forth in the second and third pleas were waived by the defendant in that the president of the defendant company, on the morning of July 3rd, 1932, well knowing that Judson Harper Tinsley, decedent, was upon said truck, permitted the driver of said truck to carry as a passenger or licensee thereon, the said Judson Harper Tinsley, decedent; and that said Judson Harper Tinsley at the time of his death, as alleged in the declaration, was riding upon said truck with the knowledge and permission of the said president of the said defendant company."

A verdict for $6,000.00 damages was rendered. Remittitur of $3,000.00 was made and judgment was rendered for $3,000.00 to plaintiff. On writ of error taken by the defendant it is contended (1) that the administrator should not recover for the loss of a prospective estate which the minor might have acquired after becoming of age, had he lived, when the decedent died at ten years of age having no

proven earning capacity and leaving no widow, children or dependents, "particularly where his estate owes no debts"; (2) error in a charge given; (3) excessive judgment; (4) verdict for the defendant should have been directed; (5) new trial should have been granted.

Under Sections 7047 (4960), 7048 (4961), C. G. L., an administrator or executor of a deceased minor has a right of action for the wrongful death of the minor, to recover as damages upon proper proofs the present cash value of a prospective estate such minor probably would have acquired after becoming of age and during his life expectancy to leave at his death, had he not been killed; and Section 7049 (4962), C. G. L., gives the parents a right of action for the wrongful death of their minor child to recover, as damages upon appropriate evidence, for loss of prospective services of the deceased minor child until he became of age, and also for mental pain and suffering of the parent or parents caused by the wrongful death of the minor child.

These recoveries are in different rights for distinct injuries and the damages are determined upon evidence of a different nature; therefore, two separate sections are provided for. The damages recoverable in either action should be confined to the present cash value of such prospective property losses as are reasonably warranted by the evidence. Damages awarded the parents for mental pain and suffering should be reasonable under the conditions and circumstances of each case as it arises. S. A. L. Ry. v. Moseley, 60 Fla. 186, 53 So. 718.

The fact that the father may maintain an action as parent and may also maintain another action as administrator does not make the recovery double, since the damages to parents for loss of services of a minor child and for mental pain and suffering because of the wrongful death of their

minor child, and the damages recoverable by an adminis-
trator of the deceased minor for loss of a probable pros-
pective estate, are for different injuries or wrongs. The
parents are heirs in the absence of a consort and lineal
descendants; but that right is distinct from the right of
parents to the service of their minor child and the statutory
right of parents to damages for mental pain and suffering
caused by the wrongful death of a minor child.

There was no error in refusing to direct a verdict for the
defendant. The other procedural errors assigned need not
be discussed since from the entire record a ground of
liability appears though the damages adjudged in this case
are excessive even though they were reduced by remittitur
to $3,000.00.

The present value of a probable prospective estate which
might have been acquired by the decedent had he lived,
should be determined from a fair consideration of the evi-
dence as to the age, sex, health, development, intelligence,
habits, attainments, status, environment and other matters
affecting a fair judgment as to the probable prospective life
period and earning and saving capacity of the decedent.
Ordinarily and in the nature of things, the recovery of the
present value of a prospective estate to be acquired in the
future when the decedent was a child aged ten years, must
be a relatively small amount in view of the age of the
decedent, the length of time covering the period during
which the decedent would have become of age and lived
through his life expectancy, and of the hazards of life and
of acquiring an estate. Jacksonville Electric Co. v. Bowden,
54 Fla. 461, 45 So. 755, 15 L. R. A. (N. S.) 451; M. & B.
R. R. Co. v. May, 83 Fla. 524, 91 So. 553; Union Bus Co.
v. Smith as Admr., 104 Fla. 569, 140 So. 631; F. E. C. Ry.
v. Hayes, 67 Fla. 101, 64 So. 504.

While the amount of the damages contained in the judgment in this case would not be excessive in an action by the parents for loss of services of the minor child and for mental pain and suffering of the parents because of the wrongful death of their minor child, yet in this case as the child's services to becoming of age belonged to his parents and as his probable acquisition of an estate after maturity and during his life expectancy were postponed with accompanying hazards because of his age, it is entirely clear that the present cash value of such probable prospective estate which conjecturally might possibly be acquired during many years to come, cannot reasonably be near as much as the amount allowed in the judgment after the remittitur made in the trial court. The judgment is reversed for a new trial only to determine the amount of present damages that may reasonably be awarded under the decisions of this Court on that subject.

It is so ordered.

BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.