73 So.2d 279 (1954)
HOOPER CONST. CO., Inc.
v.
DRAKE.
Supreme Court of Florida. En Banc.
June 3, 1954.
Rehearing Denied July 22, 1954.
*280 Brown, Dean & Hill, Miami, for appellant.
Nichols, Gaither, Green, Frates & Beckham, and J.B. Spence, Miami, for appellee.
PER CURIAM.
This is an appeal from a judgment entered in a damage suit against the defendant-appellant growing out of an automobile collision between a passenger car driven by one Alfonso Perry and a "low-boy" trailer driven by the defendant's employee. John Drake, a colored child of the age of five years, was a passenger in the Perry car and received injuries in the collision, from which he died some months later.
Prior to John's death, two suits were filed to recover for injuries resulting from the accident. One was filed by Lee Drake, appellee here, individually, as father of John Drake, to recover his out-of-pocket expenses incurred by the child's injuries and for the loss of services of the child due to the injuries. The other was filed in John Drake's name, by Lee Drake as father and next friend, to recover in John's behalf the usual damages to compensate John for his injuries.
After John's death, the appellee's individual suit was amended to seek additional compensation for the mental pain and suffering caused him, as the child's father, by the wrongful death, under Section 768.03, Florida Statutes, F.S.A. In the other suit, the appellee, as administrator of the estate of John, was substituted as the party plaintiff and allowed to file an amended complaint, to which we will refer hereafter.
The causes were consolidated for trial, and the jury returned a verdict in the amount of $35,000 to appellee for his damages as father, and in the amount of $20,000 in his suit as Administrator. Motions for new trial were denied, and defendant has appealed from the judgments thereafter entered.
We have this day affirmed, per curiam, the judgment in the amount of $35,000 in favor of the appellee, as father. Hooper Construction Co., Inc., v. Drake, Fla., 73 So.2d 281.
Our decision in that case that the evidence was sufficient to support the verdict of the jury holding the defendant liable for the death of the child is, of course, conclusive of the question of liability in the instant case.
We are not, however, persuaded that the evidence is sufficient to support the damages in the amount of $20,000 in the appellee's suit as Administrator of the Estate of John Drake. Compare Miami Dairy Farms, Inc., v. Tinsley, 115 Fla. 650, 155 So. 850, although we are not unmindful of the fact that, since our opinion in the Tinsley case in 1934, there has been a considerable change in the value of a dollar. However, insofar as the Administrator sought damages for the pain and suffering of the deceased prior to his death, it is noteworthy that the evidence showed *281 that the child was either unconscious or in a semi-comatose condition for the entire time.
It might also be noted, parenthetically, that the Administrator claimed damages for the loss of the prospective earnings and savings of the deceased after he reached his maturity, although such damages are recoverable only in a suit by an Administrator under the Wrongful Death Act, Sections 768.01 and 768.02, Florida Statutes, F.S.A. The Administrator's suit was apparently prosecuted under the Survival after Death statute, Section 45.11, Florida Statutes, F.S.A., in which the Administrator is entitled to recover for the pain and suffering of the deceased, but not for the loss of the decedent's prospective estate. Ake v. Birnbaum, 156 Fla. 735, 25 So.2d 213. However, this record does not show that any objection to the pleadings was made in the lower court, nor is it here contended that the pleadings were insufficient to state an additional cause of action under the Wrongful Death statute  even if such objection could be here made for the first time.
Since we are of the opinion that the damages in the Administrator's suit were excessive, this cause is remanded to the lower court with directions to enter an appropriate remittitur; or, if in the opinion of the trial judge the question of damages should again be submitted to a jury, to grant a new trial on the question of damages only.
It is so ordered.
ROBERTS, C.J., and TERRELL, SEBRING and HOBSON, JJ., and ROGERS, Associate Justice, concur.
THOMAS and DREW, JJ., dissent.
THOMAS, Justice (dissenting).
I think the judgment should be reversed with directions to enter one for the defendant.
DREW, J., concurs.