148 So.2d 289 (1963)
Eugene BURCH, Appellant,
v.
Arthur Hal GILBERT, father of Deborah Carolyn Gilbert, his deceased minor child; and Arthur Hal Gilbert and Carolyn D. Gilbert, his wife and father and mother respectively of Deborah Carolyn Gilbert their deceased minor child; and Arthur Hal Gilbert as Administrator of the Estate of Deborah Carolyn Gilbert, his deceased minor child, Appellees.
No. D-222.
District Court of Appeal of Florida. First District.
January 8, 1963.
*290 Alfred A. Green, Daytona Beach, for appellant.
Wagner & Bertone, Daytona Beach, for appellee.
RAWLS, Judge.
On September 18, 1958, appellant-defendant Burch was driving a shrimp truck south on U.S. No. 1 in the right lane of a four lane highway. It was dusk, the highway was straight and level. Burch saw plaintiff Gilbert's car proceeding in a westerly direction crossing the two south bound traffic lanes. Burch applied the brakes on his truck, but stayed in the right lane, and hit Gilbert's car behind the right rear wheel. The impact spun Gilbert's car around resulting in Gilbert's two children being thrown out of the rear seat of the car and onto the highway. Deborah Carolyn Gilbert, an eight year old girl, died as a result of injuries sustained in the accident. Suit was instituted against appellant Eugene Burch by decedent's surviving parents, viz.: Arthur Hal Gilbert, father of decedent; Arthur Hal Gilbert and his wife Carolyn D. Gilbert, decedent's surviving parents; and Arthur Hal Gilbert as administrator of the estate of decedent. Placed in focus during trial of the cause were the wrongful death statutes, F.S. §§ 768.01, 768.02 and 768.03 F.S.A., together with the survival statute F.S. § 45.11, F.S.A. A jury verdict in favor of the administrator in the sum of $20,000 was returned, and it is from the judgment rendered on this verdict that the defendant-appellant brought this appeal.
Appellant's justiciable point on appeal is founded upon the excessiveness of the award of $20,000 to the administrator for the wrongful death of an eight year old child.
In considering the foregoing point, it is essential that we briefly review the various elements recoverable for the wrongful death of a minor in light of the verdict and judgment rendered in the instant cause.
1. Sections 768.01 and 768.02, in this instance, grant to the administrator of decedent the right to sue for loss of her prospective estate.

2. Section 45.11, grants to the administrator the right to sue for the pain and suffering of decedent during the period of time elapsing from the occurrence of the accident until her death.
3. Section 768.03, grants to the parent the right of recovery for the parents' pain and suffering and the loss of services of the minor to the parents.

The jury did not award any damages to the parents  apparently having reached the conclusion, which is supported by the record, that decedent's father was contributorily negligent which precluded any recovery by the parents under F.S. § 768.03, F.S.A.
Consequently, we must review the verdict in light of the reasonableness of same based upon damages recoverable under Sections 768.02 and 45.11 and decisions of this jurisdiction upon the subject.
*291 The landmark case of Florida East Coast Railway Company v. Hayes[1] established the rule for the measure of damages under the statute in an action brought by the administrator, when the court stated on page 505:
"Where the infant leaves no husband or wife, and no minor child, and no person dependent on him or her for a support, the administrator of the deceased infant's estate may, under the statute, maintain an action to recover `such damages' as the estate `may have sustained by reason of the' wrongful death; and the proper measure of such damages is the present worth of the decedent's life to an estimated prospective estate that he probably would have earned and saved after becoming of age and during his life expectancy to be left at his death. A determination of the proper amount of such damage requires a consideration of the contingency whether the decedent probably would have lived to become of age and to some given time afterwards, as well as an estimate of the value of the estate he probably would have earned and saved after he would have become of age, and would probably have left at the end of his life expectancy, and also an estimate of the present money value of the decedent's life to the estimated prospective estate. In making this determination, no exact rule of reasoning or computation is afforded by law, but the jury have no arbitrary discretion. The finding should be the result of a fair consideration of all the matters that should, under the circumstances of the particular case, properly enter into the estimate and computation. Among other proper elements that may be considered are the age, mental capacity, habits of life, and industry, and thrift, means, business, earnings, health, probable duration of life, skill, and environments, and reasonable expectations of the decedent. If the jury find that the deceased infant probably would have lived to some given period after he would have become of age, and also find an estimated value of an estate he probably would have accumulated and left for distribution among his heirs at the end of his life expectancy, the present money value of the decedent's life to his estimated prospective estate may be ascertained with some degree of accuracy as a practical or mathematical proposition. In cases of this character, it is left for the jury, in the fair exercise of a sound discretion, in the light of all the information properly available, to ascertain and fix the probable amount of the damage sustained by the plaintiff, or by those whom he represents, `reserving at all times the authority of the court to guard against manifest injustice by way of excessive estimates.'"
It is significant to note that in the foregoing case a 13 year old industrious boy was wrongfully killed and that the jury's verdict was in the sum of $15,000. After reciting the above rule, the Supreme Court concluded that a remittitur of $13,000 had to be entered, leaving a judgment of $2,000. In reaching this conclusion the Supreme Court ascertained that the $15,000 verdict would amount to the jury finding that the deceased boy would have accumulated an estate of $240,000 if he had lived forty years from the date of the verdict.
In Miami Dairy Farms, Inc. v. Tinsley[2] (1934) the administrator of the estate of a ten year old boy wrongfully killed in an automobile collision recovered a judgment of $6,000. After the trial court entered a $3,000 remittitur, the Supreme Court held that the judgment was still excessive as *292 not being the present value of the probable prospective estate, and stated on page 851:
"The present value of a probable prospective estate which might have been acquired by the decedent, had he lived, should be determined from a fair consideration of the evidence as to the age, sex, health, development, intelligence, habits, attainments, status, environment, and other matters affecting a fair judgment as to the probable prospective life period and earning and saving capacity of the decedent. Ordinarily, and in the nature of things, the recovery of the present value of a prospective estate to be acquired in the future when the decedent was a child aged ten years must be a relatively small amount in view of the age of the decedent, the length of time covering the period during which the decedent would have become of age and lived through his life expectancy, and of the hazards of life and of acquiring an estate."
The only other Florida decision concerning the amount of a judgment in an administrator's suit for loss of a minor's prospective estate is found in Hooper Construction Company v. Drake,[3] which we will consider later.
In the instant cause, we find a sparse record as to the factors mentioned in Florida East Coast Railway Company v. Hayes in proving the loss to this minor's prospects of accumulating an estate. The sole testimony relating to these factors is the testimony of the child's mother, which testimony is directed to the physical appearance of decedent, i.e., "She had black, naturally curly hair, black eyes, olive complexion, she was a beautifully built child * * *" Assuming that decedent would have lived to reach the age as projected by the latest commissioner's mortality tables published in F.S. 1961, and applying thereto a reasonable prudent investment of four per cent per annum compounded, we find that $20,000 is the present value of a sum in excess of $200,000.[4] This record does not sustain a verdict in such amount.
Appellee urges that a substantial portion of the verdict must be allocable to the pain and suffering of the child. The decedent who lived at the most for thirty minutes after the accident was unconscious much of this time. In Hooper Construction Company v. Drake,[5] a five year old boy was severely injured in an automobile accident and died some months after the accident. The jury returned a verdict for the administrator in that case in the same sum as that awarded in the instant cause for the identical damages here considered, viz.: $20,000. The Supreme Court, after observing that it was not unmindful of the fact that a considerable change in the value of a dollar had transpired since the Tinsley decision, held that the damages in the administrator's suit were excessive and remanded same to the lower court for further proceedings on the question of damages. Among other factors this decision was based upon the evidence that the child was either unconscious or in a semi-comatose condition for the entire time.
We likewise are cognizant of the change in the value of a dollar since the Tinsley and the Hooper cases, and are of the opinion that reasonable damages are recoverable by the administrator for the pain and suffering of a minor child and for the loss of such child's prospective estate in a wrongful death action such as in the instant cause. However, such damages must of necessity be based upon elements previously established by the Supreme Court, and the aggregate amount of same must be in such sum as can be supported by competent evidence.
This cause is remanded to the trial court to enter an appropriate remittitur; or if in *293 the opinion of the trial judge the question of damages recoverable by the administrator should again be brought to a jury, to grant a new trial on the question of damages only.
Other points raised by the appellant have been considered and found to be without merit.
WIGGINTON, Acting Chief Judge, and STURGIS, J., concur.
NOTES
[1] Florida East Coast Ry. Co. v. Hayes, 67 Fla. 101, 64 So. 504, 7 A.L.R. 1310 (1914).
[2] Miami Dairy Farms, Inc. v. Tinsley, 115 Fla. 650, 155 So. 850 (1934).
[3] Hooper Const. Co., Inc. v. Drake, 73 So.2d 279 (Fla. 1954).
[4] Vol. III. F.S., Mortality Table p. 3708; Am.Jur.2d Desk Book, Doc. No. 134.
[5] See Footnote 3.