LILES, Chief Judge.
Appellants, plaintiffs in the trial court, brought suit against defendants, appellees here, in their respective capacities.
The suit was brought in two counts, one by James D. McMannis, as administrator of the estate of John H. McMannis, the deceased minor son of James D. McMannis and Marion R. McMannis, pursuant to Section 768.02, F.S.A., and one by James D. McMannis, individually and on behalf of Marion R. McMannis, as surviving parents of John H. McMannis, pursuant to Section 768.03, F.S.A. At the conclusion of the trial the jury returned two verdicts, one in the amount of $10,000 to James D. McMannis, as administrator of the estate of John H. McMannis, and one for James D. McMannis, individually and on behalf of Marion R. McMannis, as surviving parents of John H. McMannis, deceased, in the amount of $5,000.
Prior to the trial of the cause a settlement was perfected with one of the joint tortfeasors, who was not a party to this action and is not a party in this appeal. Section 768.041, F.S.A. The settlement was in the total amount of $20,000. This settlement consisted of $18,000 for the claim of the parents individually, and $2,000 for the claim by the estate.
Following the trial, plaintiffs filed motions for judgments pursuant to the jury’s verdicts, one on behalf of the estate and one on behalf of the surviving parents.
Defendants filed one motion for judgment in the sum of zero dollars, maintaining that the $20,000 should be used as a set-off against the two verdicts rendered by the jury in the amount of $15,000. The trial judge entered his judgment in the amount of zero dollars pursuant to defendants’ motion. This appeal followed.
We think the trial judge erred in rendering his judgment. Florida has long recognized the distinction between a suit on behalf of a minor child, deceased, and damages for wrongful death. See, e. g., Stokes v. Liberty Mutual Ins. Co., Fla.1968, 213 So.2d 695; Miami Dairy Farms, Inc. v. Tinsley, 1934, 115 Fla. 650, 155 So. 850; Latimer v. Sears Roebuck and Co., 285 F.2d 152, 86 A.L.R.2d 307 (5th Cir. 1960). The judge treated the verdicts as one verdict when in fact there were two verdicts. He treated the settlements as one settlement and the verdicts as one verdict *494 when in fact he should have allowed the settlement obtained by James D. Mc-Mannis, as administrator of the estate, to he set off against the verdict rendered for James D. McMannis, as administrator of the estate, and the settlement to James D. McMannis, individually and on behalf of Marion R. McMannis, to be set off against the verdict to James D. McMannis, individually and on behalf of Marion R. Mc-Mannis. In so doing there would have been left a balance of $8,000 due plaintiff, James D. McMannis, as administrator of the estate of John H. McMannis, deceased minor. Section 768.041(2), F.S.A.
Appellees urge that this result could afford unscrupulous parties with the opportunity to gamble on settlements and verdicts ; but as appellant pointed out, settlements obtained in the administration of deceased minor’s estate must be approved by the probate judge, Section 733.21, F.S.A., and we think this would have the effect of nullifying any possibility of gambling.
For these reasons we reverse and remand with directions to enter judgment accordingly.
PIERCE and McNULTY, JJ., concur.