231 So.2d 194 (1970)
Francis J. DEVLIN, A.B. Wolosoff, Morty Wolosoff, Maximo Moorings Marine Center, Incorporated, a Florida Corporation; Waterways Development, Inc., a Florida Corporation, and Maximo Moorings Marina, Inc., Petitioners,
v.
James D. McMANNIS, As Administrator of the Estate of John H. McMannis, a Deceased Minor; James D. McMannis, for Himself and On Behalf of Marion R. McMannis, As Parents of John H. McMannis, Deceased Minor, Respondents.
No. 38815.
Supreme Court of Florida.
February 4, 1970.
*195 Marvin E. Barkin and Edward M. Waller, Jr., of Fowler, White, Collins, Gillen, Humkey & Trenam, St. Petersburg, for petitioners.
William L. Penrose of Harris, Barrett, Dew & Sieber, and Masterson, Lloyd, Sundberg & Rogers, St. Petersburg, for respondents.
ERVIN, Chief Justice.
We have for review a decision of the District Court of Appeal, Second District, in McMannis v. Devlin, Fla.App. 1969, 222 So.2d 492, on the basis said decision directly conflicts with Ellingson v. Willis, Fla. App. 1964, 170 So.2d 311.
James D. McMannis, Respondent herein, filed suit against one Devlin and other Petitioners herein as joint tort-feasors for damages arising from an accident in which Respondent's minor son was killed. The suit was brought in two counts, one by Respondent as administrator of the estate of his deceased son and the other by Respondent individually and on behalf of his wife as surviving parents of their minor son.
Prior to trial of the cause Respondent executed a settlement with Devlin, one of the joint tort-feasors. The total amount of the settlement was $20,000, a release being executed in the amount of $2,000 for the estate's claim, and a separate release being given by Respondent acknowledging an $18,000 sum for the claim of the parents individually.
Thereafter, Respondent and Petitioners proceeded to trial on the claims Respondent asserted against Petitioners as joint tort-feasors with Devlin. At the conclusion of trial, the jury returned verdicts in the amount of $10,000 for Respondent on the estate's claim and in the amount of $5,000 for Respondent individually and on behalf of his wife as surviving parents.
Following the trial, Respondent filed separate motions for judgments pursuant to the jury's verdicts. Petitioners filed a motion for judgment in the sum of zero dollars, maintaining the $20,000 received in settlement should be used as a set off against the two verdicts rendered by the jury in the amount of $15,000. The trial judge entered a judgment in the sum of zero dollars pursuant to Petitioners' motion.
On appeal, the District Court reversed and held:
"We think the trial judge erred in rendering his judgment. Florida has long recognized the distinction between a suit on behalf of a minor child, deceased, and damages for wrongful death. See, e.g., Stokes v. Liberty Mutual Ins. Co., Fla. *196 1968, 213 So.2d 695; Miami Dairy Farms, Inc. v. Tinsley, 1934, 115 Fla. 650, 155 So. 850; Latimer v. Sears Roebuck and Co., 285 F.2d 152, 86 A.L.R.2d 307 (5th Cir.1960). The judge treated the verdicts as one verdict when in fact there were two verdicts. He treated the settlements as one settlement and the verdicts as one verdict when in fact he should have allowed the settlement obtained by James D. McMannis, as administrator of the estate, to be set off against the verdict rendered for James D. McMannis, as administrator of the estate, and the settlement to James D. McMannis, individually and on behalf of Marion R. McMannis, to be set off against the verdict to James D. McMannis, individually and on behalf of Marion R. McMannis. In so doing there would have been left a balance of $8,000 due plaintiff, James D. McMannis, as administrator of the estate of John H. McMannis, deceased minor. Section 768.041(2), F.S.A." McMannis v. Devlin at 493-494 of 222 So.2d.
Having examined the briefs and heard oral argument in this cause, we affirm the decision of the Second District Court of Appeal.
F.S. Section 768.041(2), F.S.A., provides:
"(2) At trial if any defendant shows the court that the plaintiff, or any person lawfully on his behalf, has delivered a release or covenant not to sue to any person, firm or corporation in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly."
We think the above-quoted provision authorizes to be set off from a judgment against one joint tort-feasor only the amount constituting a settlement for the damages or damage elements recoverable in the same cause of action against another joint tort-feasor. It can hardly be disputed that each count in the complaint in the instant case constituted a distinct cause of action, each embracing distinctive damage elements. See Miami Dairy Farms Inc. v. Tinsley, 1934, 115 Fla. 650, 155 So. 850; Rehe v. Airport U-Drive, Fla. 1953, 63 So.2d 66. The set off contemplated by the above-cited statutory provision must be interpreted so as to preserve the identity of the separate causes of action and the distinctive character of the damage element accruing under each such cause. The statute is designed, within the degree of specificity ascertainable under verdict and judgment procedures, to prevent duplicate or overlapping compensation for identical damages. However, in effecting this purpose, F.S. Section 768.041, F.S.A. does not require set offs where parties entitled to compensation for particular damage elements recoverable under one cause of action may be the beneficial recipients of compensation awardable for different elements of damage accruing under another cause of action. The District Court's decision here reviewed is consistent with and preserves the intended purpose of F.S. Section 768.041(2), F.S.A. To the extent the First District Court's decision in Ellingson v. Willis, supra, embraces views contrary to those expressed above, the same are hereby expressly disapproved.
In reaching the conclusion adhered to above, we are not unaware that there may be occasions where a settlement is effected so as to fail to preserve or otherwise differentiate settlement sums pertaining to the damages distinctive and peculiar to the underlying causes of action. Under such circumstances, subsequent verdicts entered against another joint tort-feasor on the same causes of action may indeed occasion the necessity of offsetting against the total sum of the verdicts the total amount of the *197 prior settlement. However, we need not explore such possibility under the present set of facts.
The writ of certiorari is discharged.
ROBERTS, DREW, ADKINS and BOYD, JJ., concur.