485 So.2d 1361 (1986)
Patsy DIONESE and Charles Dionese, Appellants,
v.
CITY OF WEST PALM BEACH, Appellee.
No. 85-38.
District Court of Appeal of Florida, Fourth District.
April 2, 1986.
*1362 Ricci and Roberts, P.A., West Palm Beach, and Barbara Green, of Daniels & Hicks, P.A., Miami, for appellants.
R. Fred Lewis, of Magill & Lewis, P.A., Miami, for appellee.
PER CURIAM.
Appellant, Patsy Dionese, a driving instructor, was injured in an automobile accident when an automobile driven by a student collided with a manhole cover in the City of West Palm Beach. Patsy sued the City of West Palm Beach (the City), Rosemary Hoyle (the student driver), Indiana Insurance Company (Hoyle's insurer), Nationwide Insurance Company (the insurer of the automobile) and Jack Grant, Patsy's employer, to recover for her personal injuries and her husband Charles joined as a plaintiff, seeking damages for loss of consortium. The Dioneses later voluntarily dismissed their action against Jack Grant. Mutual crossclaims were filed by and between the City and Hoyle.
Prior to trial, the Dioneses agreed to settle their claims against defendants Rosemary Hoyle, Nationwide Mutual Insurance and Indiana Insurance Company for the sum of $45,000. The trial commenced on October 1, 1984, and the jury returned the verdict on Thursday, October 4, 1984. Patsy and Charles Dionese won separate adjusted jury verdicts of $57,000 and $3,800 respectively for Patsy's personal injury claim and Charles's loss of consortium claim.
On October 10, 1984, the Dioneses filed a motion for entry of final judgment in accordance with the set-off procedure set forth in section 768.041(2), Florida Statutes (1983), and represented for the first time that the Hoyle settlement was to be apportioned with $10,000 for Patsy Dionese and $35,000 to Charles Dionese. According to appellants, the set-off was to be:

 Patsy Dionese Charles Dionese
Adjusted Jury Award $57,000 $ 3,800
Hoyle settlement proceeds 10,000 35,000
Final Judgment $47,000 0

The City filed an objection to the above motion, a motion for new trial, and a motion for entry of final judgment providing for a set-off of the total undifferentiated joint lump sum settlement against the total sum of the jury award.
The trial court conducted a post-trial hearing concerning the set-off at which counsel for Patsy and Charles contended the set-off should be in accordance with the schedule set out above, which division Patsy and Charles subsequently testified in post-trial depositions that they had agreed to before trial. The City objected, arguing that the original release document did not apportion the funds, but rather provided an undifferentiated joint lump sum settlement amount. Although there had been a discussion between counsel for Hoyle and plaintiffs, after trial and the jury verdict, of an apportionment of the settlement in accordance with the plaintiffs' proposed division, Hoyle had rejected the proposal and insisted on the lump sum settlement as originally agreed to prior to trial.
The trial court entered judgment in favor of the City finding that the settlement between the plaintiffs and Hoyle was for an undifferentiated, unapportioned sum of $45,000 as provided in the only release accepted by Hoyle. Therefore, the judgment provided that the City was entitled to a set-off of the Hoyle settlement of $45,000 against the net jury award to the plaintiffs of $60,800.
Appellants, the plaintiffs below, rely upon section 768.041(2), Florida Statutes (1983); Devlin v. McMannis, 231 So.2d 194 (Fla. 1970); City of Tamarac v. Garchar, 398 So.2d 889 (Fla. 4th DCA 1981); and Florida Freight Terminals, Inc. v. Cabanas, 354 So.2d 1222 (Fla. 3d DCA 1978), to demonstrate that the trial court committed error in refusing to apportion the Hoyle *1363 settlement in accordance with plaintiffs' contentions. The City, on the other hand, argues that the formula, or procedure, used by the trial judge is supported by Devlin and a reasonable construction of Chapter 768, Florida Statutes.
In Devlin, a father filed suit against a number of joint tort-feasors responsible for his son's death. The father filed suit in two counts, one as administrator of his son's estate and the other on behalf of himself and his wife. Prior to trial, the father settled with Devlin, one of the joint tort-feasors, for $20,000 and a release was executed in the amount of $2,000 for the estate's claim and a separate release was given by the father for $18,000 for the claim of the parents individually. At the subsequent trial between the father and the remaining joint tort-feasors the jury awarded the estate $10,000 and the parents $5,000. The court set off the total settlement amount against the total jury award and entered judgment jointly at $0. The district court reversed. The supreme court upheld the district court's reversal and stated that section 768.041(2), Florida Statutes "authorizes to be set off from a judgment against one joint tort-feasor only the amount constituting a settlement for the damages or damage elements recoverable in the same cause of action against another joint tort-feasor." The court further noted:
It can hardly be disputed that each count in the complaint in the instant case constituted a distinct cause of action, each embracing distinctive damage elements... . The set off contemplated by the above-cited statutory provision must be interpreted so as to preserve the identity of the separate causes of action and the distinctive character of the damage element accruing under each such cause. [Citations omitted.]
Id. at 196. Appellants contend Devlin supports their position that the settlement should be apportioned between the two distinct and separate causes of action, the wife's claim for personal injuries and expenses and the husband's claim for loss of consortium. The problem with this contention is that in the present case the appellants and the settling tort-feasor did not preserve the identity of the separate causes of action in the settlement agreement. As appellee put it:
Claimants cannot secretly, privately and unilaterally apportion a joint undifferentiated lump sum settlement contrary to an actual settlement, and then utilize their private apportionment as the legal basis for a determination of the rights and obligations of parties and others which are affected by the settlement. When claimants enter into a settlement which fails to preserve or otherwise differentiate settlement sums which pertain to separate causes of action, the total amount of the prior settlement is set-off against the total sum of subsequent verdicts entered against a separate joint tort-feasor.
We believe appellee's argument is supported by Devlin, wherein the supreme court said:
we are not unaware that there may be occasions where a settlement is effected so as to fail to preserve or otherwise differentiate settlement sums pertaining to the damages distinctive and peculiar to the underlying causes of action. Under such circumstances, subsequent verdicts entered against another joint tort-feasor on the same causes of action may indeed occasion the necessity of offsetting against the total sum of the verdicts the total amount of the prior settlement.
Devlin, 231 So.2d at 196-197.
Furthermore, the payment of settlement proceeds by the settling tort-feasor to a plaintiff has a relationship to contribution claims that may ultimately be made by other joint tort-feasors and the protection afforded to him by the good faith aspect of his settlement. See sections 768.31(2) and 768.31(5), Florida Statutes (1983). In addition, while a joint tort-feasor may be required to defend the merits and substance of the terms of a settlement entered into knowingly and intentionally with a claimant as determined by this court in Fleury v. City of Riviera Beach, 396 So.2d 813 (Fla. 4th DCA 1981), the situation in the present case, which would require a settling *1364 tort-feasor to defend the terms of a settlement based upon a private unilateral apportionment by claimants where the settling tort-feasor did not participate, is entirely different. Thus, appellants should not be permitted to enforce their own private, unilateral agreement in the set-off context when the apportionment was not based upon the actual settlement agreement with the settling tort-feasor. We have reviewed White Construction Co. v. Limerock Industries, Inc., 478 So.2d 485 (Fla. 1st DCA 1985), and find it not to be controlling here based upon the peculiar set of facts presented in that case.
It is quite apparent that the judge in this case felt the evidence showed that the wife's claims represented the lion's share of the appellants' claims and that the husband's claim for consortium had far less value. To allow the apportionment suggested by appellants obviously impacted adversely on the remaining joint tort-feasor, the City.
We, therefore, hold that a private, unilateral agreement among plaintiffs to apportion settlement funds is not binding on the non-settling joint tort-feasor and will not control the set-off due the non-settling joint tort-feasor pursuant to section 768.041(2), Florida Statutes (1983).
Accordingly, we affirm the judgment appealed from.
Because we deem this issue to be one of great public importance, we hereby certify the following question to the supreme court:
WHETHER A PRIVATE, UNILATERAL AGREEMENT AMONG SEVERAL PLAINTIFFS TO APPORTION FUNDS PAID BY ONE JOINT TORT-FEASOR IS BINDING UPON NON-SETTLING JOINT TORT-FEASORS AND THE COURT IN DETERMINING THE SET-OFF CLAIM OF THE NON-SETTLING JOINT TORT-FEASORS?
HERSEY, C.J., DOWNEY, J., and LEVY, DAVID L., Associate Judge, concur.