654 So.2d 643 (1995)
Robert GORDON, Appellant,
v.
MARVIN M. ROSENBERG, D.D.S., P.A., and Marvin M. Rosenberg, individually, Appellee.
No. 93-3227.
District Court of Appeal of Florida, Fourth District.
May 10, 1995.
Jerald C. Cantor of Engelberg, Cantor & Kushner, P.A., Hollywood, for appellant.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Fort Lauderdale, for appellee.
POLEN, Judge.
We reverse the final judgment of the trial court entered after jury trial in this dental malpractice case. Before trial, plaintiff Gordon had settled a portion of his claim with *644 the defendant dentist, Dr. Newman, for $24,999. He proceeded to trial against the defendant periodontist, Dr. Rosenberg, and the jury awarded damages in the amount of $30,000. Over objection, the trial court set off the $24,999 settlement against the $30,000 verdict.
At the heart of this appeal is the issue of whether the evidence of plaintiff's damages, for which he sought recovery from Dr. Rosenberg, were the same damages for which he had obtained a recovery from Dr. Newman. The statutory provision by which Dr. Rosenberg could seek a setoff is section 768.041(2), Florida Statutes (1993).[1] In Devlin v. McMannis, 231 So.2d 194, 196 (Fla. 1970) the Supreme Court of Florida stated that section 768.041(2) "must be interpreted so as to preserve the identity of separate causes of action and the distinctive character of the damage element accruing under each such cause." Further, it stated, the statute was designed to prevent duplicate or overlapping compensation for identical damages. Id. at 196.
Appellant alleges that the trial court erred in granting a setoff to Rosenberg because the damages caused by Dr. Rosenberg were separate and distinct from those caused by Dr. Newman. He states that the injuries caused by the implant surgery occurred in October of 1989 when the implants were installed by Dr. Rosenberg. However, the second injuries were caused by Dr. Newman's attempt to place dentures in his mouth which occurred sometime later. He adds that "each dental procedure represented a separate and mutually exclusive cause of action" because each had its own distinctive character, i.e., the implant procedure caused the paresthesia, drooling, improper swallowing, drooping mouth, speech impediment, and food remaining of the face problems whereas the improper denture placement made it impossible for appellant to use the teeth.
Dr. Fish, the dentist who ultimately fitted appellant with a usable set of dentures, testified on appellant's behalf. He testified that an informed consent form should have been given to appellant prior to implant surgery so that appellant could have been made aware of the potential problems associated with implant surgery. He blamed Dr. Rosenberg for this oversight. Dr. Fish also testified that appellant's problems stemmed from the improper placement of the implants, but he added that Dr. Newman compounded the problem by placing substandard and inferior dentures on top of the implants. He qualified Dr. Newman's liability, however, by stating that Dr. Newman had an impossible task of attempting to fabricate dentures on improper implants. Dr. Fish's contention was that appellant was never a good candidate for implants. Dr. Fish also pointed out that appellant's swallowing, spitting, drooling, etc., problems stemmed directly from Dr. Rosenberg's negligence. However, on cross-examination, he did state that Dr. Newman deviated from the standard of care in his treatment of appellant and therefore his dentistry was incompetent.
The only other evidence tending to cast any blame on Dr. Newman came from Dr. Krauser, a periodontist who testified on behalf of Dr. Rosenberg. At trial he testified that although he could not testify about Dr. Newman's competence, faulty bridgework could have caused appellant to drool and have problems with swallowing and speaking. He did, however, state that there were two components to the dental procedure  the implant part and the bridge work part. This last statement lends support to the contention that the damages were separate and distinct.
Lastly, on cross-examination and impeachment, Dr. Rosenberg testified that he did not think anybody other than himself was responsible for appellant's problems. In other words, the bulk of the evidence presented at trial tended to prove that Dr. Rosenberg's negligence was responsible for appellant's problems. Therefore, there does not appear *645 to have been enough evidence presented, i.e., competent substantial evidence, which would support a conclusion that Dr. Newman caused most of appellant's problems.
In appellant's complaint there were four claims or causes of action. In the first count, appellant alleged that Dr. Rosenberg negligently inserted the implants. In the third count, appellant alleged that Dr. Newman made a bad set of dentures that never fit properly. The most common allegation was presented in the second and fourth counts which alleged that both dentists failed to inform appellant of the dangers inherent within the implant procedure.
A separate and distinct claim is one that involves different elements of damages. Rimer v. Safecare Health Corp., 591 So.2d 232, 234 (Fla. 4th DCA 1991), approved, 620 So.2d 161 (Fla. 1993). When one has separate claims a setoff is inappropriate. Id. As appellant correctly asserts, the damages caused by Dr. Newman, although exacerbated by Dr. Rosenberg's negligence, were separate from the injuries or damages caused by Dr. Rosenberg. As the record reveals, the drooling, improper swallowing, etc., are damages that were created by the improper placement of the implants and those problems still exist today notwithstanding the fact that appellant has new teeth. The damages caused by Dr. Newman resulted from creating dentures that never fit well. Although Dr. Newman's negligence was exacerbated by Dr. Rosenberg's negligence, the damages were separate and distinct. Thus, the trial court erred in allowing a setoff, and we reverse and remand for the trial court to enter a judgment in accord with the original jury verdict.
OWEN, WILLIAM C., Jr., Senior Judge, concurs.
FARMER, J., concurs in result only.
NOTES
[1] At trial, if any defendant shows the court that the plaintiff, or any person lawfully on his behalf, has delivered a release or covenant not to sue to any person, firm, or corporation in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly.