FARMER, Judge.
We reverse the setoff granted under section 768.041(2), Florida Statutes. In Devlin v. McMannis, 231 So.2d 194 (Fla.1970), the supreme court held that a setoff granted under that statute authorizes to be set off from a judgment against one joint tortfeasor only the amount constituting a settlement for the damages or damage elements recoverable in the same cause of action against another joint tortfeasor. We held in Gordon v. Marvin M. Rosenberg, D.D.S., 654 So.2d 643 (Fla. 4th DCA 1995), that “when one has separate claims a setoff is inappropriate.” 654 So.2d at 645.
In an earlier action against Southern Bell, appellant recovered judgment on á jury verdict upon its claim that Southern Bell’s negligence caused a power surge that damaged certain machines it was operating. In this action, appellant sued the seller of the machines for fraud in the inducement. It is clear to us that these are two separate and distinct causes of action against separate and distinctly different defendants. Southern Bell and Cincinnati Milacron cannot possibly be deemed joint tortfeasors. Even if they could, it is impossible to tell whether fair market value was recovered in either of the actions maintained by appellant.
REVERSED.
GLICKSTEIN and WARNER, JJ., concur.