739 So.2d 101 (1999)
Adaly MENDEZ, a minor, by and through her father and natural guardian, Manuel MENDEZ, Appellant,
v.
Gary P. SIMON, as Personal Representative of the Estate of Dulce Maria Lopez, Deceased, Appellee.
No. 98-26.
District Court of Appeal of Florida, Third District.
February 24, 1999.
Rehearing Denied April 7, 1999.
Caruso, Burlington, Bohn & Compiani and Philip M. Burlington, West Palm Beach; Jeffrey M. Liggio, West Palm Beach, for appellant.
Adams and Adams and Richard B. Adams, Jr. and Joel V. Lumer, Miami, for appellee.
Before NESBITT, SHEVIN and SORONDO, JJ.
PER CURIAM.
Adaly Mendez appeals the lower court's Final Judgment. For the reasons that follow, we reverse.
A review of the facts indicates that a vehicle driven by Manuel Mendez was hit by a vehicle driven by defendant Dulce *102 Lopez, now deceased. The passengers in Manuel's vehicle included Santa Mendez (Manuel's wife), Adaly Mendez (their minor daughter) and Elsa Vivian Machado (Adaly's grandmother). These four filed suit against defendants Dulce Lopez, Dadeland Dodge, Inc. (the title holder of the vehicle driven by Dulce Lopez), and Juana Lopez, who had contracted to purchase the vehicle from Dadeland Dodge. The amended complaint contained one count on behalf of all four plaintiffs, and its prayer for relief demanded judgment on behalf of all four plaintiffs against Defendant/Appellee Gary Simon, as the personal representative of the estate of Dulce Lopez, Dadeland Dodge, and Juana Lopez.
After approximately one year of litigation, the trial court entered an order determining that Dadeland Dodge was title owner of the vehicle driven by Dulce Lopez and thus was vicariously liable for her negligence. Mediation was then ordered, resulting in a proposed settlement. Plaintiffs filed a Motion for Hearing on the Approval of a Settlement with Dadeland Dodge. No mention was made in the motion of any allocation of the $3 million settlement amount among the four plaintiffs. Court approval was required because one of the claims involved in the settlement was that of Adaly, who was seven years old at that time. An order was entered appointing a Guardian Ad Litem (GAL) for Adaly. The GAL filed a report with the court. That report noted that Adaly's mother had been in a wheelchair since the accident and that Adaly had been treated for a laceration and multiple bruises to her forehead, and she had to wear a neck collar. The GAL's report stated that the proposed settlement provided for $100,000 to be paid to Adaly. The GAL recommended approval of that proposal.
A hearing was then held on April 19, 1994 before the lower court, at which it was noted that the plaintiffs had entered into a proposed settlement with Dadeland Dodge for the limits of Dadeland Dodge's liability insurance, $3 million. Plaintiffs' counsel noted that although the settlement was for $3 million, approximately $1 million of it was going to be consumed for past medical bills of the plaintiffs and there was the certainty of future significant medical bills.
The GAL joined in the suggestion of plaintiffs' counsel that Adaly be allocated $100,000 from the settlement proceeds. The trial court expressed its intention that Adaly should net $100,000 from the settlement after attorney's fees and costs. The attorney for Dulce and Juana Lopez was present at the hearing. No representative from Dadeland Dodge was present. At the conclusion of the hearing, the trial court ruled that Adaly would be allocated $130,000, of which $30,000 would pay plaintiff's attorney's fees. The remaining $100,000 would be placed in guardianship for Adaly.
A General Release of all claims as to Dadeland Dodge was executed on April 15, 1994. It was signed individually by all three plaintiffs, and by Manuel Mendez on behalf of Adaly. No allocation of payment appeared on the face of the release.
On April 25, 1994, the trial court entered an order consistent with its ruling at the hearing, allocating $130,000 of the settlement proceeds to Adaly. The order provided that the funds should be held in trust until a guardianship for Adaly was established. The order reflected that counsel for Dadeland Doge and counsel for Dulce and Juana Lopez received a copy of the order. No party sought rehearing.
On May 16, 1994, the four plaintiffs and Dadeland Dodge filed a Stipulation and Order of Dismissal with Prejudice. The stipulation covered all claims by all plaintiffs against Dadeland Dodge and did not apportion damages among any claims made by any of the plaintiffs.
The case then went to trial, before a different trial court judge, as to the remaining defendants, resulting in a total verdict of approximately $2.4 million. The *103 verdict contained specific interrogatories, requiring the jury to determine the damages for each plaintiff separately. The jury awarded Adaly $2300 for past medical expenses, $100,000 for past loss of the services, comfort, companionship and society of her mother, and $350,000 for future loss of consortium, for a total of $452,300.
The plaintiffs then filed a Memorandum of Law on the issue of setoff and apportionment with respect to the pretrial settlement and Adaly's claim. Plaintiffs claimed that Dulce Lopez was only entitled to a setoff of $130,000 as to Adaly's claim, and thus Adaly was entitled to a judgment of $322,300. Dulce Lopez filed a Memorandum of Law arguing that the gross amount of the settlement, $3 million, should be setoff against the total verdict of approximately $2.4 million, resulting in no judgment in favor of any of the plaintiffs.
The successor trial court judge entered a Final Judgment in favor of plaintiffs on the jury's verdict of $2,429,071.70. He ordered that the settlement of $3,000,000 by Dadeland Dodge would serve as a set off towards the total amount of the verdict, and that the settlement would be allocated proportionally in accordance with the jury verdict. This appeal followed.
The sole issue on appeal relates to Adaly's claim. Adaly maintains that the trial court erred in entering a judgment for no damages as to her and that the only setoff Dulce Lopez's estate should be entitled to is the amount of proceeds that Adaly received in the settlement. Dulce Lopez's estate responds that an agreement to apportion the proceeds of a settlement among more than one plaintiff must be found on the face of the settlement and because there was no apportionment on the face of the settlement agreement in this case, the trial court was required to apply the entire settlement with Dadeland Dodge against the total verdict obtained by plaintiffs against Dulce Lopez.
We agree with Adaly. Section 768.041 provides:
At trial, if any defendant shows the court that the plaintiff, or any person lawfully on her or his behalf, has delivered a release or covenant not to sue to any person, firm, or corporation in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly.
§ 768.041(2), Fla. Stat. (1997). In Devlin v. McMannis, 231 So.2d 194 (Fla.1970), the Florida Supreme Court stated with respect to section 768.041(2):
The setoff contemplated by the above-cited statutory provision must be interpreted so as to preserve the identity of the separate causes of action and the distinctive character of the damage element accruing under each such cause. The statute is designed, within the degree of specificity ascertainable under verdict and judgment procedures, to prevent duplicate or overlapping compensation for identical damages.
Id. at 196. Here, Adaly's claims were separate causes of action from the other plaintiffs' claims and involved different damage elements. The jury's verdict included a separate determination of her claim and each element of damage comprising it. Three years before the trial in this case, the trial court decided that $130,000 of the Dadeland Dodge settlement proceeds would be allocated to Adaly's claim. Thus, applying section 768.041(2) in accordance with Devlin, the defendant should only be entitled to a setoff of $130,000. This preserves the identity of the separate causes of action and does not result in duplicate or overlapping compensation.
The defendant's reliance on Association for Retarded Citizens, Dade County, Inc. v. State Dept. of Health and Rehabilitative Servs., 619 So.2d 452 (Fla. 3d DCA 1993), is misplaced. In the present case, there was a prior judicial determination of Adaly's share of the Dadeland Dodge settlement proceeds, a completely different *104 situation from that in Association for Retarded Citizens. Association for Retarded Citizens is also inapplicable because it did not involve the claim of a minor. Adaly was (and still is) a minor at the time of the settlement. Section 744.387(3)(a) states that no settlement after an action has been commenced on behalf of a minor shall be effective unless approved by the court having jurisdiction of the case. Thus, the settlement needed court approval regarding Adaly's share of the proceeds. Accordingly, even if the parties had included an allocation of Adaly's share in the settlement agreement, it would not have been binding. Therefore, the approval and allocation by the trial court in Adaly's recovery from the settlement proceeds is an integral part of that settlement and a proper basis on which to determine the setoff under section 768.041(2).
The defendant's reliance on Dionese v. City of West Palm Beach, 500 So.2d 1347 (Fla.1987), is also misplaced. Dionese addresses private unilateral agreements among several plaintiffs to apportion funds paid by a joint tortfeasor. The case before us does not involve a private unilateral agreement between plaintiffs, but rather it involves a court apportionment of a settlement fund. The trial court below heard from all interested parties, including the defendant on appeal, as to the appropriate allocation to Adaly from the Dadeland Dodge settlement proceeds. The order entered by the trial court was never challenged by any party.
The defendant further cites Florida Power and Light Co. v. Macias, 507 So.2d 1113 (Fla. 3d DCA 1987), in support of its position. However, Macias is distinguishable because although it involved the court apportionment of a settlement fund with respect to the claim of a minor party, there was an issue as to whether the minor's interests were properly represented. Id. at 1117. Thus, this Court directed the trial court to appoint a guardian ad litem for the minor and then apportion the prior settlement proceeds. Id. at 1118. In the case before us, there is no issue as to whether Adaly's interests were properly represented because the trial court had already appointed a guardian ad litem for Adaly.
The Association for Retarded Citizens court noted that in determining a setoff based on a prior settlement, it is necessary to balance the rights of the codefendants to fairly apportion liability and to consider the public policy which encourages settlements. See 619 So.2d at 454. This is in line with the court's concern in Dionese, which was to avoid collusion among settling plaintiffs and to ensure fairness to all parties. At the time of the lower court's ruling allocating the settlement proceeds to Adaly, there was no certainty of any further recovery or of a trial and jury verdict. Thus, there is no issue here as to an ulterior motive underlying the allocation of the settlement proceeds to Adaly. Furthermore, there is no evidence of collusion here because the trial judge appointed a guardian ad litem, held a hearing at which all parties were entitled to participate and made its own determination regarding what portion of the Dadeland Dodge settlement proceeds should be allocated to Adaly. Thus, our decision today, that a court-ordered apportionment to a minor is valid even if entered into subsequent to the settlement agreement, does not conflict with Dionese.
Additionally, there is no evidence in the record that Adaly received any funds other than the $130,000 allocated by the trial court from the Dadeland Dodge settlement proceeds. Our holding does not produce any double recovery, nor does it permit the defendant to obtain an unjustified windfall. Thus, the relevant policy considerations compel that this is the only amount that can properly be setoff against the jury's verdict against this defendant.
In sum, we hold that the $130,000 that was allocated to Adaly from the Dadeland Dodge settlement should be setoff against the $452,300 in damages awarded Adaly in the itemized verdict in this case. We reverse *105 and remand for entry of judgment in favor of Adaly in the amount of $322,300. We further instruct the trial court to strike paragraph four of the Final Judgment under review, as the settlement proceeds have already been distributed among the remaining plaintiffs, and this provision is consequently unenforceable.